# HUBERT JAMES PUTT, Petitioner, v. STATE OF TENNESSEE, Respondent.

## 455 S.W.2d 161.

Court of Criminal Appeals of Tennessee. Feb. 20, 1970.

Certorari Denied by Supreme Court May 18, 1970.

Hugh W. Stanton, Jr., A. V. McDowell, Memphis, for petitioner.

David M. Pack, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville, Phil M. Canale, Jr., Dist. Atty. Gen., Eugene C. Gaerig, Asst. Dist. Atty. Gen., Memphis, for respondent.

## OPINION

MITCHELL, Judge.

This is an appeal from the dismissal without an evidentiary hearing of the petition for habeas corpus testificandum or Hubert James Putt from the Criminal Court of Shelby County, Tennessee, Honorable W. Preston Battle, Judge, presiding.

The petitioner Hubert James Putt on September 20, 1968, filed in the Criminal Court of Shelby County a paper writing which he styled a petition for Writ of Habeas Corpus ad testificandum, in which he moved the court to bring him before it to testify in behalf of James Earl Ray whose case was then pending. He further alleged he was then being held in Federal custody illegally.

Petitioner's address was given as

#17232
P. O. Box 400
Springfield, Missouri

and sworn to before M. L. Tappana, Administrative Assistant Medical Center for Federal Prisoners, Springfield, Missouri.

On October 2, 1968, petitioner filed a motion requesting the court to appoint two psychiatrists to evaluate petitioner so that court could ascertain well in advance of the trial of James Earl Ray, that petitioner is completely sane and competent to testify.

October 3, 1968, Honorable Phil M. Canale, Jr., District Attorney General for the Fifteenth Judicial Circuit

of Tennessee, filed a motion and response to the petition of Hubert James Putt in which he averred that:

## I

"That although there is no provision in law whereby a prisoner has any standing in Court to require his attending to give testimony under a Writ of Habeas Corpus ad testificandum in a proceeding to which he is not a party, the District Attorney General upon receipt of a copy of the Petition mailed to him by the Petitioner Hubert James Putt, caused an investigation to be made into the background, status, and mental competency of Petitioner Putt; AND

## II

"As a result of aforesaid investigation Respondent has obtained certified copies of official records on Petitioner Putt under seal and certificate of Pasquale J. Ciccone, M.D., Director of Medical Center for Federal Prisoners, Springfield, Missouri, said records being attached hereto and marked Exhibit A to this Response and more particularly described as follows:

1. Commitment of Hubert James Putt by the United States District Court for the Northern District of Mississippi, Eastern Division to the Federal Penitentiary for a period of five (5) years upon conviction for violation of Section 2312, Title 18, United States Code (Interstate transportation of stolen motor vehicle under date of January 7, 1965).

2. Transfer order on Hubert James Putt transferring him from the United States Penitentiary, Atlanta, Georgia, to Medical Center for Federal

Prisoners in Springfield, Missouri, dated March 19, 1968.

3. Order finding Petitioner Putt to be of unsound mind and authorizing his detention at the aforesaid Medical Center under date of June 10, 1968.

### III

"The Petition shows on its face that Hubert James Putt has been in Federal custody for the last four (4) years and with this fact being verified by the aforesaid documents, Respondent fails to see the possibility of any proof that the Petitioner Putt can offer any material, relevant, or competent evidence on behalf of the defendant, James Earl Ray.

### IV

"There are adequate statutory provisions in this state whereby this Petitioner's testimony may be obtained without resorting to the common law Writ of Habeas Corpus ad testificandum and the necessarily attendant risk in transporting such a prisoner.

### V

"For the above stated reasons your Respondent feels the Petitioner Hubert James Putt has no standing whatsoever before this Honorable Court; his petition is without basis at law and presents no justiciable issue, is subject to and should be stricken and held for naught; however, in an effort to avoid even the remote possibility of any suggestion of suppression of evidence on the part of the prosecution, the District Attorney General moves the Court to deny, strike and hold for naught the Petition for Writ of Habeas Corpus ad testificandum and direct the Clerk of the

Criminal Court to furnish a certified copy of said Petition to Mr. Arthur J. Hanes, Sr., counsel of record for James Earl Ray."

November 20, 1968, Honorable W. Preston Battle, Judge of the Criminal Court of Shelby County appointed the Public Defender to represent Hubert James Putt. Then, after due consideration, dismissed the petitioner and entered the following order:

"ORDER STRIKING PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM

"This cause came on to be heard on the 8th day of November, 1968, upon the motion of the Respondent to strike the Writ of Habeas Corpus Ad Testificandum on the basis that Tennessee Code Annotated 23-1802 specifically prohibits Federal prisoners from having the benefit of Tennessee's Habeas Corpus Act and accompanying relief.

"It was brought to the attention of the Court by Eugene C. Gaerig, Assistant District Attorney General, that while T.C.A. § 23-1802 prohibits the petitioner in his own right from obtaining relief under the Tennessee Habeas Corpus Act, that if Counsel for James Earl Ray, or the State of Tennessee wished to have the testimony of the petitioner in the James Earl Ray case that they had standing to petition this Court to request as a matter of comity that the Federal Government would return the petitioner on a Writ of Habeas Corpus Ad Testificandum.

"It appears to the Court that respondent's motion to strike based on T.C.A. § 23-1802 is proper and that

this Court does not have jurisdiction over the petitioner.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the petition for Writ of Habeas Corpus Ad Testificandum filed herein be and it is hereby stricken."

The record contains certified copies of proceedings which show the petitioner Hubert James Putt was convicted in the United States District Court, Northern District of Mississippi, October 2, 1964, of violation of 2312 of the U. S. Code (Interstate transportation of a stolen motor vehicle.) Upon which the maximum sentence was imposed, for a study as prescribed in Title 18 U. S. Code, that he was received at United States Penitentiary at Terre Haute, Indiana, October 1, 1964.

That Hubert James Putt was convicted again in the United States District Court, Northern District of Mississippi, January 7, 1968, of violation of United States Code Section 2312 Title 18 (Interstate transportation of a stolen motor vehicle) upon which a sentence of five years in an institution to be designated by the Attorney General was imposed.

There is in the record a Zerox copy of an order of the Warden of the U. S. Penitentiary, Atlanta, Georgia, dated March 19, 1968, transferring Hubert James Putt to the Medical Center for Federal Prisoners at Springfield, Missouri.

A Board of Examiners for the U. S. Department of Justice Medical Center for Federal Prisoners, Springfield, Missouri, certified to the Attorney General that upon examination of Hubert James Putt they found him to be

of unsound mind, and recommended his detention at the Medical Center for Federal Prisoners at Springfield, Missouri.

The record fails to show that any individual or any agency, State or Federal, needs or desires the testimony of the petitioner in the James Earl Ray case, or any other case. There is ample statutory procedure for litigants to obtain the testimony of such witnesses if necessary.

The petition does not present any issue proper to be examined in a court of justice.

The judgment of the trial court in dismissing the petition without any evidentiary hearing is affirmed.

We are grateful to the able Public Defender for his representation of the petitioner in this case.

HYDER and RUSSELL, JJ., concur.