J. C. DUNBAR, Plaintiff in Error, v. STATE OF
TENNESSEE, Defendant in Error—470 S.W.2d 846

July 19, 1971.

Certiorari Denied by Supreme Court September 7, 1971.

Ben W. Hooper, II, and William M. Leibrock, Newport, for plaintiff in error.

David M. Pack, Attorney General, Robert H. Roberts, Assistant Attorney General, Nashville, Heiskell H. Winstead, District Attorney General, Rogersville, for defendant in error.

DWYER, J.   The defendant raises the sole issue of whether his conviction should be set aside upon the plea of double jeopardy that was raised by his plea in abatement to the indictment. He is before this court laboring under a felony conviction for committing the offense of escape (T.C.A. sec. 39-3807) with punishment and judgment pronounced on the verdict of the jury at confinement for one year in the State Penitentiary. He supported his plea in abatement with averments that he had been tried and convicted in the Greene County General Sessions Court for the same offense he stands convicted of before the Criminal Court of Greene County. In his general sessions conviction the court assessed punishment at a fine of one dollar and confinement for ninety days which was suspended. He thereafter was duly indicted by the Greene County Grand Jury from which indictment this conviction flows.

He was confined in the Greene County Jail for committing the felony offenses of forgery. He admits to escaping so there is no dispute about the evidence. His court-appointed counsel contends that the principle of res judicata should apply (collateral estoppel) in that fundamental fairness decrees this to be so. He bottoms this

solely on the fact of conviction imposed by the General Sessions judge.

■ We reject the insistence of counsel. The plea of res judicata presupposes that the adjudicating court had jurisdiction which is not found in this record. In Wharton's on Criminal Law and Procedure, Vol. 1, sec. 174, p. 406, the following may be found:

> "The doctrine of res judicata, by which a fact or matter distinctly put in issue and directly determined *by a court of competent jurisdiction* cannot afterward be disputed between the same parties, is applicable to judgments in criminal prosecutions." (emphasis added)

■ The general sessions judge had no authority to hear the felony charge except upon the preliminary examination to discharge or bind him over to the circuit or criminal court. His hearing and sentencing the defendant was a nullity and cannot be pleaded as a bar to the prosecution in the criminal court. See Hodges v. State, 45 Tenn. 7.

In State ex rel. Austin v. Johnson, 218 Tenn. 433, 440, 404 S.W.2d 244, 248, the following language may be found:

> "*One is not put in jeopardy when the court which tries him, or attempts to try him, has no jurisdiction of the person or subject matter.* Wharton's Criminal Law and Procedure, Anderson, Vol. 1, sec. 139, pages 310 to 314; Hodges v. State, *supra;* State v. Atkinson, 28 Tenn. 677; and many others. The Supreme Court of

the United States made their latest pronouncement on the subject in United States v. Tateo, 377 U.S. 463, 84 S.Ct. 1587, 1589, 12 L.Ed.2d 448. In the majority opinion, the court says:

'The Fifth Amendment provides that no ''person [shall] be subject for the same offense to be twice put in jeopardy of life or limb * * *.''

''The principle that this provision does not preclude the Government's retrying a defendant whose conviction is set aside because of an error in the proceedings leading to conviction is a well-established part of our constitutional jurisprudence.' ''

The defendant by the void action of the general sessions court was never in jeopardy. The assignment is overruled.

The judgment of the trial court is affirmed.

We commend court-appointed counsel for his representation of the accused.

Walker, P. J., and Russell, J., concur.