Terry **LEWIS**, Appellant,

v.

**METROPOLITAN GENERAL SESSIONS COURT FOR NASHVILLE and David-son County, and State of Tennessee, Appellees.**

*Court of Criminal Appeals of Tennessee, at Nashville.*

Feb. 13, 1996.

Permission to Appeal Denied by Supreme Court April 7, 1997.

John E. Herbison, Nashville, for Appellant.

Charles W. Burson, Attorney General and Reporter, Merrilyn Feirman and Joel W. Perry, Assistant Attorneys General, William F. Howard, Metropolitan Attorney, Nashville, for Appellees.

*OPINION*

WADE, Judge.

The petitioner, Terry Lewis, appeals the trial court's denial of his petition for writ of habeas corpus.

Two issues are presented for our review: (1) whether the trial court properly dismissed the petition based upon · lack of subject matter jurisdiction; and (2) whether the petitioner's judgment of conviction in the general sessions court was facially invalid.

We affirm the judgment of the trial court.

On August 28, 1984, the petitioner was charged with sexual battery, a felony. *See* Tenn.Code Ann. §§ 39-2-607(a) and 39-2-604(a). Two days later, he entered a plea of guilt to the reduced charge of assault and battery, a misdemeanor, and was granted probation on a sentence of 11 months and 29 days.

The petitioner was later convicted in Florida on four felony theft charges and sentenced to an aggregate term of 12 years in prison. The 1984 misdemeanor conviction in this state disqualified the petitioner from consideration for an early release from the Florida sentence.

On June 14, 1994, the petitioner, incarcerated in Florida, filed this action seeking relief from the assault and battery conviction in this state. The Control Release Administrator for the Florida Parole Commission filed an affidavit stating that a Florida statute makes ineligible any inmate who has previously committed, among other offenses, either an assault or a battery "and a sex act was attempted or completed during the commission of such offense."

In challenging the facial validity of the judgment of conviction, the petitioner first asserted that because sexual battery was a felony in 1984, the general sessions court had no authority other than to hold a preliminary hearing and to either bind the defendant over to the grand jury or dismiss the charge. The petitioner also pointed out that a sexual battery, at the time of the offense, required an unlawful sexual contact with another accompanied by one of three elements: force

or coercion by the defendant, a mentally or physically helpless victim, or sexual contact by fraud. Tenn.Code Ann. §§ 39–2–604 and 39–2–607(a) (1982). As a second ground for relief, he claimed that the arrest warrant, wherein the prosecutrix alleged that he had "kept trying to pull [her] top down," was patently invalid for failure to include "the essential facts constituting the offense charged." Tenn.R.Crim.P. 3.

The trial court dismissed the habeas corpus petition without an evidentiary hearing on the basis that the petitioner was "not imprisoned or restrained of his liberty," as required by the enabling statute, and had not established subject matter jurisdiction.

## I

In order to obtain relief by way of habeas corpus, the petitioner must establish a lack of jurisdiction for the order of confinement or an entitlement to release based upon the expiration of the sentence. *See Ussery v. Avery,* 222 Tenn. 50, 432 S.W.2d 656 (1968); *Carroll v. Raney,* 868 S.W.2d 721 (Tenn.Crim.App.1993); *State ex rel. Wade v. Norvell,* 1 Tenn.Crim.App. 447, 443 S.W.2d 839 (1969). Jurisdiction is specifically conferred upon the circuit court by Tenn.Code Ann. § 29–21–103:

> **Judges authorized to grant** writ.—The writ may be granted by any judge of the circuit or criminal courts, or by any chancellor in cases of equitable cognizance.

If, however, a petitioner attempts to set aside a conviction because of the abridgement of a constitutional right, the statutory post-conviction procedure is the single means of relief. *Luttrell v. State,* 644 S.W.2d 408 (Tenn.Crim.App.1982).

Our supreme court addressed this issue in a 1992 opinion:

> The post-conviction process, set out in T.C.A. §§ 40–30–101, *et seq.,* provides for challenges to convictions that are alleged to be either void or voidable because of the abridgement of constitutional rights. T.C.A. § 40–30–105. In contrast, it is well settled in this state that the writ of habeas corpus, codified at T.C.A. §§ 29–21–101, *et seq.,* will issue only in the case of a void

judgment or to free a prisoner held in custody after his term of imprisonment has expired. *State ex rel. Hall v. Meadows,* 215 Tenn. 668, 389 S.W.2d 256, 259 (1965). Unlike the post-conviction petition, the purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *See State ex rel. Newsom v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

*Potts v. State,* 833 S.W.2d 60, 62 (Tenn.1992).

Had the trial court here attempted to convert the petition for habeas corpus relief to one for post-conviction relief, as authorized by statute, the claim would have been dismissed as time barred. *See* Tenn.Code Ann. § 40–30–102; *Archer v. State,* 851 S.W.2d 157 (Tenn.1993). The failure to advise the defendant fully of rights waived by the entry of a guilty plea renders the judgment voidable rather than void. *State v. Neal,* 810 S.W.2d 131, 134 (Tenn.1991). Simply stated, a petitioner cannot make a collateral attack upon a facially valid conviction by way of a habeas corpus petition. *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 246, 364 S.W.2d 887, 888 (1963). In *Archer,* our supreme court quoted with approval a portion of the opinion in *Ex parte Watkins,* 28 U.S. (3 Pet.) 193, 202–03, 7 L.Ed. 650, 653 (1830):

> An imprisonment under a judgment cannot be unlawful, unless that judgment be an absolute nullity; and it is not a nullity if the court has general jurisdiction of the subject, although it should be erroneous.

851 S.W.2d at 160. Another quoted passage in that opinion is applicable here:

> "When the restraint, from which relief is sought by a writ of habeas corpus, proceeds from a judgment erroneous but not void, the writ will not lie. Nor, under it, can the party impeach a judgment as contrary to the facts. And, in general, this is not the remedy where the imprisonment is on judicial process. But where the sentence is void, not merely voidable, or the term of imprisonment under it has expired,

relief may be had by the writ. . . . [J]udicial officers . . . sometimes use the writ as if it were a writ of error, under which they might correct the errors and irregularities of other tribunals. 'Any such employment of the writ is an abuse.' "

851 S.W.2d at 161 (quoting *State ex rel. Karr v. Taxing District of Shelby County,* 84 Tenn. (16 Lea) 240, 249–50 (1886)).

■ Here, the petitioner claims the 1984 conviction was void rather than voidable. He contends the general sessions court lacked jurisdiction to enter any final judgment which operated as a felony charge. Lack of jurisdiction, of course, renders a judgment a complete nullity. *See State v. Seagraves,* 837 S.W.2d 615 (Tenn.Crim.App.1992). Thus, the writ of habeas corpus, if warranted, would be the appropriate remedy in this case. The petitioner, however, is confronted with other potential obstacles. Generally, petitions for habeas corpus must be filed in the court "most convenient in point of distance to the applicant" unless a sufficient reason is given "for applying to such court or judge." Tenn. Code Ann. § 29–21–105. Usually that means the county of incarceration. When, however, the petitioner is incarcerated out of state, the "most convenient court" rule is impossible to satisfy. In fact, whether an out-of-state petitioner has access to habeas corpus relief at all is, as indicated in *Archer,* "a much more difficult question . . . since the writ, if issued, could not be directed to a Tennessee official." 851 S.W.2d at 165.

In *Archer,* the supreme court was not required to resolve that threshold procedural issue. We believe that to be the case here as well. We do observe, however, that the enabling statute extends the writ to *"[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, except in cases specified in § 29–21–102 . . . ."* Tenn. Code Ann. § 29–21–101 (emphasis added). That is clearly a broad statement of jurisdiction. Only federal prisoners "detained by virtue of process issued by a court of the United States . . . (in cases where such . . . courts have exclusive jurisdiction . . . are not) entitled to the benefit of [the Tennessee] writ." Tenn.Code Ann. § 29–21–102; *see Putt v. State,* 2 Tenn.Crim.App. 443, 455

S.W.2d 161 (1970). That may imply that an out-of-state non-federal prisoner is. The petitioner here has alleged that he has been "restrained of his liberty" due to a facially invalid judgment of conviction in this state. Had that been properly established, the trial court might have had jurisdiction to consider whether the petitioner was entitled to the writ.

## II

### (A)

■ There is, however, no requirement that the trial court afford the habeas corpus petitioner an evidentiary hearing when the facts alleged in the petition, even if true, would not serve as a basis for relief. *See State ex rel. Byrd v. Bomar,* 214 Tenn. 476, 480–81, 381 S.W.2d 280, 282 (1964); *Russell v. Willis,* 222 Tenn. 491, 496, 437 S.W.2d 529, 531 (1969). We believe that to be the case here. In our view, the grounds alleged by this petitioner, that the general sessions court had no authority to act upon the 1984 charge and was not otherwise empowered to approve a plea agreement on the misdemeanor offense of assault and battery, have no merit. That is the basis for our holding. We will attempt to explain.

The limits of jurisdiction in the general sessions courts are defined by the statute:

**40–1–109. Jurisdiction of general sessions courts.**—(a) In addition to the jurisdiction in criminal cases as conferred in §§ 16–15–401, 16–15–501, the court of general sessions is hereby vested with jurisdiction to try and determine and render final judgment in all misdemeanor cases brought before the court by warrant or information wherein the person charged with such misdemeanor enters a plea of guilty in writing or requests a trial upon the merits and expressly waives an indictment, presentment, grand jury investigation and jury trial. Such waiver shall be in writing as provided in Rule 5 of the Tennessee Rules of Criminal Procedure. In such cases the trial shall proceed before the court without the intervention of a jury, and the court shall enter such judgment, and, as an incident thereto, may

inflict such punishment within the limits provided by law for the particular offense as the court may determine proper under the peculiar circumstances of such case.

(b) The court of general sessions also has original jurisdiction to hear and determine all charges of vagrancy. [Code 1858, § 4969; Shan., § 6930; mod. Code 1932, § 11469; Acts 1959, ch. 109, § 5; 1967, ch. 360, § 1; 1969, ch. 214, § 1; impl. am. Acts 1979, ch. 68, § 3; T.C.A. (orig. ed.), §§ 40–117, 40–118; Acts 1983, ch. 334, § 1.]

The defendant cites *Solomon v. State,* 529 S.W.2d 743, 746 (Tenn.Crim.App.1975), as authority for the proposition that the general sessions court lacked jurisdiction to act on the 1984 felony charge:

> The general sessions judge did not have jurisdiction in this case to do more than hold a preliminary examination to determine if there was probable cause to believe defendant was guilty of the charged offense, and if so to bind him over for appropriate action by the grand jury.

In that case, Solomon had been charged with escape while incarcerated for a felony. The escape charge would have also qualified as a felony. The general sessions judge reduced the charge to "escape from jail while serving a misdemeanor conviction"; that was, of course, also a misdemeanor. Solomon then filed for the writ of habeas corpus; the trial court denied relief on the basis that Solomon had waived all procedural requirements and entered a guilty plea to the reduced charge. This court ruled that there was nothing "in any statute conferring the jurisdiction on general sessions judges ... authorizing them to reduce the charge and assess a penalty as was done in this case." *Id.* The conviction was set aside and a new trial ordered.

The holding in *Solomon* was based upon an earlier ruling of this court in *Dunbar v. State,* 4 Tenn.Crim.App. 310, 470 S.W.2d 846 (1971). In *Dunbar,* this court refused to set aside a felony conviction in the Criminal Court of Greene County on the claim by the defendant that he had been previously convicted of the same offense in the Greene County General Sessions Court. This court

correctly ruled that the defendant had not been placed in jeopardy by the first proceeding because the general sessions court had "no authority to hear the felony charge except upon the preliminary examination to discharge him or bind him over to the circuit or criminal court." *Id.* at 312, 470 S.W.2d at 847. Clearly, a general sessions court had no authority to convict and sentence on a felony. *Solomon* went much further, apparently holding that a general sessions court had no authority to approve a plea agreement wherein the state had, by all appearances, agreed to a reduced misdemeanor charge and the defendant had, by all appearances, entered a knowing and voluntary plea of guilt.[1]

Our research indicates that *Solomon* has been referred to only twice by our appellate courts since its publication some twenty-five years ago. A published case, *State v. Osborne,* 712 S.W.2d 488, 492 (Tenn.Crim.App. 1986), cited *Solomon* only for the proposition that a general sessions court had the power to dismiss a felony charge based upon the state's failure to establish probable cause. In an unpublished opinion, *Chester Ray Hall v. State,* No. 01C01–9405–CC–00163, 1995 WL 441616 (Tenn.Crim.App., at Nashville, July 26, 1995), this court merely noted that *Solomon* represented a relaxation on the definition of "restraint" as a jurisdictional prerequisite for the statutory writ of habeas corpus. Neither of the two cases followed *Solomon.* From our own research, we have concluded that this court may have decided *Solomon* based upon a misinterpretation of *Dunbar.*

The rules provide for a guilty plea to a misdemeanor in the general sessions court:

> (1) Upon Plea of Guilty.—If the offense charged is a misdemeanor, but of greater magnitude than a small offense, the magistrate shall inquire how the defendant pleads to the charge. If the plea is guilty, the magistrate shall advise the defendant of defendant's right to be prosecuted only upon an indictment or presentment, and to be tried by a jury. Unless the defendant

---

1. In *Solomon,* the petitioner alleged that his prior plea was neither knowingly nor voluntarily made. The trial court, however, did not conduct an evidentiary hearing on the claim.

expressly waives these rights in writing, the magistrate shall set a preliminary examination to be had within ten days if the defendant remains in custody and within thirty days if released under Rule 46, unless the defendant waives preliminary examination, in which case the magistrate may bind the defendant over to the grand jury. If the defendant offers to waive the right to a grand jury investigation and a trial by jury, the court may permit it if the district attorney general or his representative does not then object. In the event of such waiver, the magistrate shall hear the case upon the guilty plea and fix such sentence as the evidence warrants and the law directs. An appeal shall lie from a judgment upon a plea of guilty to a misdemeanor after waiver of grand jury investigation and jury trial, but only as to the sentence imposed.

Tenn.R.Crim.P. 5(c)(1).

■ Often, cases which begin as a felony charge result in a plea agreement in the general sessions court. The state is entitled to a trial by jury on all misdemeanor charges and may, of course, reject any offer to enter a plea of guilt:

> **Trial by Jury.** In all criminal cases except small offenses, trial shall be by jury unless the defendant waives a jury trial in writing *with the approval of the court and the consent of the district attorney general.* The defendant may waive jury trial at any time before the jury is sworn.

### Committee Comment

■ While the State does not have a constitutional right to a trial by jury, *this rule requires the consent of the District Attorney General to any waiver of the defendant's right.* The court must also approve the waiver. This rule is applicable in General Sessions Court, in the context of a defendant's offer to waive trial by jury.

Tenn.R.Crim.P. 23 (emphasis added). Moreover, the state must agree before a felony charge can be reduced to a misdemeanor:

> It is important to note that while the Constitution and the Rules vest the right to trial by jury in the accused, *this right cannot be waived under this rule in the face of an objection by the District Attorney General or his representative. This provision acts as a safeguard against the possibility that an accused might be permitted to enter a guilty plea to a lesser included offense and effectively bar prosecution for a more serious crime. Price v. Georgia,* 389 [398] U.S. 323 [90 S.Ct. 1757, 26 L.Ed.2d 300] (1970); *Waller v. Florida,* 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970). Hence, in effect the state now has a right to a trial by jury, if the District Attorney General or his representative asserts the right by objecting to the waiver by the defendant. *Note that the rule does not require an affirmative act on behalf of the State before an accused can effectively waive the right, but simply provides that it cannot be done in the face of an objection.* This wording by the Commission was deliberate, because it is recognized that many General Sessions Courts must sometimes operate without the presence of the District Attorney General or his representative. Nevertheless, in order to exercise an objection and thus protect the state's position, the District Attorney General or his representative will need to know of the proceeding and to enter an objection. *The court should construe the words "or his representative" to include anyone connected with law enforcement who reports to the court that the District Attorney General or one of his assistants has requested that the objection be made.*

Tenn.R.Crim.P. 5, Advisory Commission Comments at 581 (emphasis added).

■ When the state waives its right to jury and approves of a plea agreement, that, in our view, is the equivalent of a dismissal on the felony, a recharge in the misdemeanor, and a guilty plea. Any resultant conviction is facially valid so long as the judgment document meets all other requirements. The judgment form here bears the signature of the defendant on a waiver:

> The defendant, Terry Lewis, pleads guilty to the offense of A [and] B and waives his right to be tried only by indictment or presentment preferred by a Grand Jury,

and likewise waives trial by a jury of his peers.

The August 30, 1984, judgment document provides that the petitioner waived his rights and entered a guilty plea before being sentenced to eleven months and twenty-nine days, all of which was suspended. The judgment includes the signature of the Judge of the Davidson County General Sessions Court, provides for a sentence for a crime within the jurisdiction of the court, and is otherwise valid on its face. The Rules of Criminal Procedure were in effect at the time of the plea. The general sessions court would have had no authority to dispose of the cases absent the consent of the district attorney general or his representative. All of that rendered the judgment as facially valid. Our conclusion bars any possibility of relief under the petition for writ of habeas corpus.

(B)

█ The petitioner also points out that the charging instrument must allege every element of the offense. *See State v. Perkinson,* 867 S.W.2d 1, 5 (Tenn.Crim.App.1992). The defendant cites *State v. Morgan,* 598 S.W.2d 796 (Tenn.Crim.App.1979), for the proposition that the rule applies equally to indictments, presentments, and arrest warrants. After a bench trial in *Morgan,* the conviction for driving under the influence of an intoxicant was set aside because the arrest warrant failed to include all of the elements of the offense. This court ruled that a warrant for a misdemeanor must allege the commission of the offense. *Id.* at 797; *see State v. Hughes,* 212 Tenn. 644, 371 S.W.2d 445 (1963). Quoting *De Jonge v. State of Oregon,* 299 U.S. 353, 362, 57 S.Ct. 255, 259, 81 L.Ed. 278 (1937), this court ruled that a "[c]onviction upon a charge not made would be sheer denial of due process." *State v. Morgan,* 598 S.W.2d at 798. There could be no valid conviction based upon an insufficient warrant or indictment. The court did, however, acknowledge that a criminal offense must be initiated "only by indictment or presentment" and after a trial by jury. *Id.* at 797; *see* Tenn. Const. art. I, §§ 6, 14. Those constitutional rights could, however, be relinquished by a written waiver. 598 S.W.2d at 797.

The warrant here alleged that the defendant "unlawfully did engage in sexual contact with trying to pull prosp. top down under the following circumstances: subject came to prosp. and was sitting beside her and kept trying to pull prosp. top down. Prosp. walked away from subject." The warrant, of course, alleged the offense of sexual battery. Assault and battery was, at the time, a common law misdemeanor offense.

█ In *Huffman v. State,* 200 Tenn. 487, 496–97, 292 S.W.2d 738, 742 (1956), our supreme court, quoting 6 C.J.S. Assault and Battery, sec. 60 and 70, defined the common law offenses of assault and battery as follows:

"An assault may consist of any act tending to do corporal injury to another, accompanied with such circumstances as denote at the time an intention, coupled with the present ability, of using actual violence against the person."

*       *       *       *       *       *

"A touching of the person of the prosecutor, or something intimately associated with, or attached to, his person, for an unlawful purpose, is essential to the offense of battery."

*See also Casey v. State,* 491 S.W.2d 90, 93 (Tenn.Crim.App.1972). The battery includes the assault and cannot be separated from it. *State v. Chaffin,* 32 Tenn. (2 Swan) 493 (1852) (a party convicted of assault cannot afterwards be punished for the battery committed at the same time). Assault and battery was a lesser included offense of sexual contact. So, while it is true that an indictment or a warrant must allege the essential elements of the offense, it appears that this warrant was in compliance with the rule. A touching for an unlawful purpose was clearly alleged in the affidavit in the warrant. Thus, the judgment of conviction is not facially invalid.

Accordingly, the judgment is affirmed.

PEAY, J., and REX H. OGLE, Special Judge, concur.