IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## EARL RAINES v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Anderson County**
**No. 99CR0149    James B. Scott, Jr., Judge**

---

**No. E1999-01340-CCA-R3-PC - Decided**
**May 9, 2000**

---

Defendant was convicted of second degree murder and sentenced to twenty-five years. On direct review, this court affirmed the judgment of the trial court, but reduced defendant's sentence to twenty years. Defendant filed a petition for post conviction relief which was subsequently dismissed for failure to timely file said petition. On April 22, 1999, defendant filed a *pro se* petition for *writ of habeas corpus* in the Criminal Court of Anderson County. The trial court held the petition was not filed in the proper venue and the petition was dismissed. This appeal follows.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

RILEY, J., delivered the opinion of the court, in which WOODALL, J. and GLENN, J. joined.

Earl Raines, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; James N. Ramsey, District Attorney General; John G. Maddox, Assistant District Attorney General, for the appellee, State of Tennessee

## OPINION

## FACTS

On July 20, 1992, an Anderson County jury convicted defendant of second degree murder, a Class A felony, and the trial court sentenced him to twenty-five years. On direct review, this court affirmed the judgment, but reduced defendant's sentence to twenty years. *See* State v. Raines, 882 S.W.2d 376, 386 (Tenn. Crim. App. 1994). Subsequently, defendant filed a petition for post conviction relief which was dismissed due to defendant's failure to file within the one-year statute of limitations. On April 22, 1999, while incarcerated in Johnson County, Tennessee, defendant filed a *pro se* petition for *writ* of *habeas corpus* in the Criminal Court for Anderson County. The trial court dismissed the petition stating defendant had not filed the petition in the proper venue. This appeal followed.

In this appeal he claims his sentence is void because the trial court lacked jurisdiction to

impose his sentence. Specifically, defendant asserts the trial court failed to follow the appropriate sentencing guidelines and failed to adequately instruct the jury on the issue of voluntary intoxication. Defendant further asserts that this court on direct appellee recognized the trial court "was not hitting on all the cylinders," but did not grant appropriate relief.[1]

## *HABEAS CORPUS*

Article I, § 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tenn. Code Ann. §§ 29-21-101 *et seq.* codifies the applicable procedures for seeking a writ. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A habeas corpus petition may be used only to contest void judgments which are facially invalid because (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) defendant's sentence has expired. State v. Ritchie, ___S.W.3d___, ___ (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

## ANALYSIS

### A. Venue

Defendant argues that he should be allowed to proceed with his petition even though he is incarcerated in Johnson County because the applicable records for his case are kept in Anderson County.

The *habeas corpus* statute's procedural provisions are mandatory and must be scrupulously followed. Archer, 851 S.W.2d at 165. Tenn. Code Ann. § 29-21-105 requires a defendant's application for *writ* of *habeas corpus* to be "made to the court most convenient in point of distance to the applicant," unless a sufficient reason is given for not applying to such court. This usually means the application must be filed in the county of incarceration. Lewis v. Metropolitan General Sessions Court of Nashville, 949 S.W.2d 696, 700 (Tenn. Crim. App. 1996).

We agree with the state's assertion that this provision would be vitiated if the mere location of the records where defendant was convicted is held to be a "sufficient reason" for allowing defendant to file in an alternative court. Therefore, we find the trial court appropriately dismissed defendant's petition for lack of venue.

### B. Cognizable Claims

Additionally, we find the defendant has failed to raise a claim which is appropriate for

---

[1]Our review of this court's opinion does not reflect such a literal recognition.

-2-

*habeas corpus* relief.

Defendant argues the trial court did not properly follow the sentencing guidelines in imposing his sentence and inappropriately applied certain enhancement factors and failed to apply certain mitigating factors. Additionally, he alleges the trial's court's instruction to the jury with regard to voluntary intoxication was inadequate. Finally, he contends this court erred in not granting appropriate relief on direct appeal.

Essentially, defendant seeks to void a judgment valid on its face. "If the court rendering a judgment has jurisdiction of the person, the subject-matter, and has the authority to make the challenged judgment, the judgment is voidable, not void; and the judgment may not be collaterally attacked in a suit for habeas corpus relief." Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994) (*citations omitted*). The mere fact that an appellant designates a pleading as a petition for habeas corpus relief does not, however, mean that the jurisdiction has been properly invoked. Archer, 851 S.W.2d at 164.

This judgment is not facially void even if petitioner's allegations were true. Thus, these allegations are not the proper subject for *habeas corpus* releif. Ritchie, ___S.W.3d at ___.

## CONCLUSION

Defendant has failed to file his petition for *writ* of *habeas corpus* in the proper venue. Furthermore, defendant has failed to raise any cognizable claims under the statute. Although, defendant's claims are appropriate for post-conviction review, as previously held by this court, defendant has failed to file a petition for post-conviction review within the applicable statute of limitations. Therefore, the judgment of the trial court dismissing the petition is **AFFIRMED**.