IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. CALVIN OTIS TANKESLY

**Direct Appeal from the Criminal Court for Sumner County**
**No. 9235     Jane Wheatcraft, Judge**

---

**No. M2000-00135-CCA-R3-PC - Decided June 9, 2000**

---

Petitioner appeals the denial of his petition for habeas corpus relief alleging his conviction is void. He entered a best interest plea of guilty to attempted aggravated sexual battery, a Class C felony. Pursuant to a negotiated agreement, the petitioner was sentenced to five years as a Range I standard offender. He now claims this sentence is illegal and void. The trial court found the judgment was not void and dismissed the petition. Upon a review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. Proc. 3; Judgment of the Criminal Court Affirmed.**

RILEY, J., delivered the opinion of the court, in which WADE, P. J. and OGLE, J. joined.

Calvin Otis Tankesly, Pikeville, Tennessee, *Pro Se.*

Paul G. Summers, Attorney General and Reporter; Clinton J. Morgan, Assistant Attorney General; and Lawrence Ray Whitley, District Attorney General, for the appellee, State of Tennessee.

## OPINION
### FACTS

Petitioner was indicted in Sumner County on two counts of aggravated sexual battery and one count of rape of a child. On August 6, 1996, he entered a best interest plea of guilty to attempted aggravated sexual battery, a Class C felony. Pursuant to a negotiated agreement, the petitioner was sentenced to five years as a Range I standard offender. He is currently incarcerated in Bledsoe County.

On December 15, 1999, the petitioner filed a *pro se* petition for writ of habeas corpus in Sumner County, alleging the judgment of the trial court is facially void because it proscribes a sentence which is contrary to state statutory mandates. Petitioner claims Tennessee law does not allow him to receive the sentence proscribed by the trial court; thus, his sentence is void. The trial court dismissed the petition on the grounds that the judgment is not void, and the petitioner is not being held after his term of imprisonment expired.

## STANDARD OF REVIEW

      Article I, § 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tenn. Code Ann. §§ 29-21-101 *et seq.* codifies the applicable procedures for seeking a writ. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A habeas corpus petition may be used only to contest void judgments which are facially invalid because (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) defendant's sentence has expired. State v. Ritchie, ___S.W.3d___, ___ (Tenn.2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

## ANALYSIS

      Petitioner argues that under Tenn. Code Ann. § 39-13-523(a) he is considered a "child rapist" and, therefore, is required under subsections (b) and (c) to serve 100% of his five-year sentence. In addition, he argues that Tenn. Code Ann. § 40-35-501(i), requiring defendants convicted of certain offenses to serve 100% of their sentence, applies to his sentence for attempted aggravated sexual battery. He argues that the judgment with a release eligibility date contrary to the statutory mandate is a nullity.

      We first note that the petition does not state a cognizable claim. A conviction for attempted aggravated sexual battery does not meet the criteria for "child rapist" as defined in Tenn. Code Ann. § 39-13-523(a). Furthermore, attempted aggravated sexual battery is not an enumerated offense under Tenn. Code Ann. § 40-35-501(i), which would require defendant to serve 100% of his sentence. Therefore, there is no statute barring the Range I sentence, and the judgment is not void.

      Secondly, even if this issue were ripe for habeas corpus review, the petition was not filed in the proper venue. The habeas corpus procedural provisions are mandatory and must be scrupulously followed. Archer, 851 S.W.2d at 165. Tenn. Code Ann. § 29-21-105 requires a defendant's application for writ of habeas corpus to be "made to the court most convenient in point of distance to the applicant," unless a sufficient reason is given for not applying to such court. This usually means the application must be filed in the county of incarceration. Lewis v. Metropolitan General Sessions Court of Nashville, 949 S.W.2d 696, 700 (Tenn. Crim. App. 1996). In the instant case, the petition was filed in Sumner County, and the petitioner is incarcerated in Bledsoe County.[1]

      The judgment of the trial court is AFFIRMED.

---

    [1]Likewise, if we were to treat the petition as a petition for post-conviction relief, it would be procedurally barred by the statute of limitations. *See* Tenn. Code Ann. § 40-30-202(a). In addition, the petitioner has filed a previous petition for post-conviction relief. The Post-Conviction Procedures Act contemplates the filing of only one petition for post-conviction relief. Tenn. Code Ann. § 40-30-202(c).