IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**SAMUEL L. KEY V. DAVID MILLS, WARDEN**

**Direct Appeal from the Criminal Court for Morgan County**
**No. 8592     E. Eugene Eblen , Judge**

---

**No. E1999-00901-CCA-R3-CD - Decided**
**May 26, 2000**

---

Petitioner Samuel L. Key filed a petition for habeas corpus relief which alleged that his sentence had expired. The trial court summarily dismissed the petition after finding that the sentence had not expired. Petitioner challenges the summary dismissal of his petition. Petitioner is entitled to an evidentiary hearing. The judgment of the trial court is reversed, and this case is remanded for an evidentiary hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed**

WOODALL, J. delivered the opinion of the court, in which WADE, P. J. and TIPTON, J. joined.

Samuel L. Key, Petros, Tennessee, *pro se.*

Paul G. Summers, Attorney General and Reporter, Elizabeth B. Marney, Assistant Attorney General, and J. Scott McCluen, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. BACKGROUND**

Petitioner filed his petition for habeas corpus relief on June 15, 1999. The petition alleges that Petitioner began serving an eight year sentence on February 8, 1985, and was released on parole on February 8, 1986. The petition also alleges that Petitioner was arrested for aggravated assault in Georgia on July 30, 1986, and he received three consecutive twenty year sentences on February 8, 1987. Further, the petition alleges that Petitioner was informed by officials from the Tennessee Department of Correction that he would be allowed to remain on parole for his Tennessee sentence while he was incarcerated in Georgia because his Georgia sentence would expire long after his Tennessee sentence would expire.

The petition also alleges that on March 16, 1994, after Petitioner's Tennessee sentence had expired, someone filed a warrant in support of a disciplinary report that charged Petitioner with escape. The petition alleges that Petitioner was not served with any warrant until May 26, 1999, and

until that time he was told by various corrections and court officials that the alleged warrant did not exist. The petition also alleges that the warrant charging Petitioner with escape that was served on him on May 26, 1999, is invalid because it was not signed by a judge.

In short, the petition alleges that Petitioner's eight year sentence expired in 1993 and he has been illegally imprisoned since he was extradited from Georgia on November 12, 1998.

On July 19, 1999, the State filed a motion to dismiss the petition. The motion was accompanied by an affidavit from Faye Claud, Manager of Sentence Information Services for the Tennessee Department of Correction. The affidavit states that Petitioner received a six year sentence for fraudulent use of a credit card on December 6, 1984, and an eight year sentence for aggravated assault on February 8, 1985, with the sentences to run concurrently. The affidavit also states that Petitioner escaped from custody on February 8, 1986, and was returned to custody on November 14, 1998, having been out of custody for 4,663 days. In addition, the affidavit states that the 4,663 days have been added to Petitioner's sentence and his eight year sentence will expire on September 3, 2005.

On August 2, 1999, Petitioner filed a motion in opposition to the State's motion to dismiss. In his motion, Petitioner argued that summary dismissal was inappropriate because he remained on parole during his incarceration in Georgia, no revocation hearing was ever conducted, and therefore, his sentence expired before his extradition to Tennessee.

On August 27, 1999, the trial court summarily dismissed the petition after finding that the eight year sentence had not expired.

## ANALYSIS

Petitioner contends that the trial court erred when it dismissed his petition for habeas corpus relief. We conclude that the trial court erred when it dismissed the petition summarily without an evidentiary hearing.

## A.

It is well-established in Tennessee that habeas corpus relief is only available when a conviction is void because the convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence has expired and the defendant is being illegally restrained. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Johns v. Bowlen, 942 S.W.2d 544, 546 (Tenn. Crim. App. 1996). A petitioner has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner successfully carries this burden, the petitioner is entitled to immediate release. Id.

"A trial court is not required, as a matter of law, to grant the writ and conduct an inquiry into the allegations contained in the petition." Id. "If the petition fails to state a cognizable claim, the

suit may be summarily dismissed by the trial court." Id. An evidentiary hearing is not warranted when the facts alleged in the petition, even if true, would not serve as a basis for relief. Lewis v. Metropolitan General Sessions Court for Nashville, 949 S.W.2d 696, 700 (Tenn. Crim. App. 1996).

**B.**

We conclude that the trial court erred when it summarily dismissed the petition for habeas corpus relief without conducting an evidentiary hearing because the facts alleged in the petition, if true, would serve as a basis for relief.

Petitioner alleges that he began serving his eight year sentence on February 8, 1985, and he was released on parole on February 8, 1986. Petitioner also alleges that his parole was never revoked and he remained on parole during his incarceration in Georgia. Therefore, Petitioner alleges that his sentence expired before he was extradited to Tennessee and he is now being held illegally. On the other hand, the State alleges in its affidavit that Petitioner escaped from custody on February 8, 1986, and remained on escape status until he was returned to custody on November 14, 1998, having been out of custody for 4,663 days. The State has apparently never contended that Petitioner was released on parole and his parole was subsequently revoked at some point in time.

We conclude that the factual questions raised by the petition and the State's motion to dismiss are such that they could not be properly resolved without an evidentiary hearing. Indeed, it is not clear from the trial court's order dismissing the petition that the factual issues were in fact resolved.

Petitioner alleges that he was placed on parole on February 8, 1986. In the absence of either a parole violation warrant and declaration of delinquency or a revocation of parole, see, e.g., Tenn. Code Ann. §§ 40-28-122, -123 (1997), Petitioner's eight year sentence imposed in 1985 has long since expired. Therefore, Petitioner is entitled to an evidentiary hearing because if the facts alleged in his petition are true, he would be entitled to relief. See generally Lewis, 949 S.W.2d at 700.

For the reasons stated above, we REVERSE the dismissal of the petition for habeas corpus relief and REMAND the case to the trial court for an evidentiary hearing and for further proceedings consistent with this opinion.