IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 13, 2001

## JERRY L. LUSTER v. J. LARRY CRAVEN, JR.

**Appeal from the Circuit Court for Madison County**
**No. COO-238-I     Roy B. Morgan, Jr., Circuit Judge**

---

**No. W2000-02217-CCA-R3-CD  - Filed June 26, 2001**

---

The petitioner, Jerry L. Luster, appeals *pro se* the summary dismissal of his petition for writ of habeas corpus.  Because the petition was filed in the wrong county, we affirm the trial court's dismissal of the request for habeas corpus relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court AFFIRMED.**

CORNELIA A. CLARK, SP. J., delivered the opinion of the court, in which JOE G. RILEY and NORMA MCGEE OGLE, JJ., joined.

Jerry L. Luster, *Pro Se.*

Paul G. Summers, Attorney General, Elizabeth T. Ryan, Assistant Attorney General, James G. (Jerry) Woodall, District Attorney General, and Alfred L. Earls, Assistant District Attorney.

### OPINION

On November 17, 1998, petitioner was convicted by a jury in the Circuit Court of Coffee County of the sale of less than .5 grams of cocaine, a Class C felony.  On November 9, 1999, a sentencing hearing was conducted.  As acknowledged by the petitioner, at the conclusion of that hearing the matter was taken under advisement by the trial judge.  On March 20, 2000, the trial judge entered a written "Findings of Facts".  The trial court imposed a sentence of six years.  That sentence was run consecutive to "all previous sentences imposed, including his current incarceration for a violation of probation".

In this petition the petitioner contends that he never received a sentencing hearing at which he was allowed to be present. At the time this petition was filed in Madison County Circuit Court, petitioner was incarcerated at the Hardeman County Correctional Facility in Whiteville, Tennessee.

Article I, §15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tenn. Code Ann. §§29-21-101 *et. seq.* codifies the applicable procedures for seeking a writ. Tennessee law provides very narrow grounds upon which such relief may be granted. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999).

Habeas corpus relief is available in Tennessee **only** when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (emphasis added). The habeas corpus statute's procedural provisions are mandatory and must be scrupulously followed. *Id.* at 165.

Initially, the state correctly notes that the petitioner has not complied with Tenn. Code Ann. §29-21-105, which requires a petition for habeas corpus be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason is given for not applying to such court. This usually means the application must be filed in the county of incarceration. *Lewis v. Metropolitan General Sessions Court of Nashville*, 949 S.W.2d 696, 700 (Tenn. Crim. App. 1996). Appellant argues that he should be allowed to proceed with his petition in Madison County rather than Hardeman County because he had previously filed a similar case in Hardeman County that had been summarily dismissed and was on appeal. He claims he would not receive a fair hearing in Hardeman County. This is not a "sufficient reason" for allowing defendant to file in an alternative court. The applicant was incarcerated in Hardeman County. He filed his petition in Madison County. Therefore, venue is improper and the petition is entitled to be dismissed.

Accordingly, the judgment of the trial court dismissing the petition is affirmed.

_____
CORNELIA A. CLARK, SPECIAL JUDGE