IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 26, 2002

## JACKIE WILLIAM CROWE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for McMinn County**
**No. 98-034     Carroll L. Ross, Judge**

---

**No. E2001-01559-CCA-R3-PC   Filed April 22, 2002**

---

Jackie W. Crowe appeals from the McMinn County Criminal Court's denial of his post-conviction motion to dismiss the indictments against him. Crowe, who is incarcerated in the Department of Correction on convictions of rape and incest, is proceeding *pro se*. Because he has already exhausted his one opportunity for post-conviction relief and because his motion does not comply with the requirements for a *habeas corpus* proceeding, we dismiss the appeal.

### Tenn. R. App. P. 3; Appeal Dismissed.

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Jackie William Crowe, Appellant, Pro Se.

Michael E. Moore, Solicitor General; Christine M. Lapps, Assistant Attorney General; and Jerry N. Estes, District Attorney General, for the Appellee, State of Tennessee.

### OPINION

Jackie W. Crowe was convicted of two counts of rape and two counts of incest in the McMinn County Criminal Court. *See State v. Jackie Crowe*, No. 03C01-9606-CR-00331, slip op. at 2 (Tenn. Crim. App., Knoxville, Oct. 8, 1997) ("Crowe I"), *perm. app. denied* (Tenn. 1998). He was sentenced to a 24-year term, which he is presently serving in the Department of Correction. *See id.* He thereafter filed a petition for post-conviction relief alleging that he did not receive the effective assistance of counsel at trial and on direct appeal. *Jackie William Crowe v. State*, No. E1998-00016-CCA-R3-PC, slip op. at 1-2 (Tenn. Crim. App., Knoxville, June 20, 2000) ("Crowe II"), *perm. app. denied* (Tenn. 2001). That petition was heard on its merits and relief was denied. *See generally id.* The petitioner then filed a "Motion to Dismiss," in which he alleged various infirmities relative to the indictment underlying his convictions. The McMinn County Criminal Court dismissed the motion, holding that the issues raised therein were previously determined in the

post-conviction proceeding. Crowe then filed this appeal, and the matter is now before us for disposition.

This Rule 3 appeal of the denial of the "Motion to Dismiss" is subject to summary dismissal. Rule 3 does not authorize a rightful appeal from the denial of a "motion to dismiss" that was filed after the criminal conviction became final. *See* Tenn. R. App. P. 3(b): *Cox v. State*, 53 S. W.3d 287, 293 (Tenn. Crim. App. 2001) (use of form of action that does not conform to Rule 3(b) "deprives the claimant of a rightful appeal"). However, resolution of this case requires us to consider whether the petitioner's inartful "Motion to Dismiss" may be considered as an action under the Post-Conviction Procedures Act or as a petitioner for the writ of *habeas corpus*, causes of action the dismissal of which are appealable pursuant to Rule 3(b). *See Cox*, 53 S.W.3d at 294.

As a post-conviction proceeding, the motion is ineffectual. The petitioner has already prosecuted a post-conviction proceeding to its conclusion, and he is entitled to do so only once. *See* Tenn. Code Ann. § 40-30-202(c) (1997). Moreover, he has neither followed the procedure for nor stated an adequate basis for reopening his prior post-conviction petition. *See id.* § 40-30-217 (1997). Thus, the motion is not cognizable as a post-conviction claim.

Although the motion does, on its face, allege facts that might support a claim of indictment voidness as would be cognizable in a petition for the writ of *habeas corpus*, the motion was not filed in the proper venue for a *habeas corpus* action. Under Code section 29-21-105, a petition for the writ of *habeas corpus* must be filed with "the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Tenn. Code Ann. § 29-21-105 (2000). Generally, this is in the county where the petitioner is incarcerated. *See, e.g., Lewis v. Metropolitan Gen. Sessions Ct.*, 949 S.W.2d 696, 700 (Tenn. Crim. App. 1996). The "motion to dismiss" was filed in McMinn County; however, the record reflects that Crowe is incarcerated in Bledsoe County. Also, the "motion" does not comply with the drafting requirements for a petition seeking the writ of *habeas corpus*. *See* Tenn. Code Ann. § 29-21-107 (2000). Thus, the motion was not properly treatable as a petition for a writ of *habeas corpus*. *See Cox*, 53 S.W.3d at 292.

Furthermore, had the sufficiency-of-indictment issues been brought in the proper venue, the record of this case would require that they be denied. The challenged counts of the indictment are sufficient.

Crowe first claims that count one is insufficient because it is not denominated as "number#1." However, we are unaware of any authority that would require such denomination in order for a defendant to be informed of the nature and cause of the accusation against him. *See generally* U.S. Const. amends. VI, XIV; Tenn. Const. art. 1, § 9; *Wyatt v. State*, 24 S.W.3d 319, 324 (Tenn. 2000).

Crowe also claims that the indictment's allegations amount to legal conclusions without a statement of the facts and circumstances of the crime and that the essential elements of the

offenses are not alleged.  Our review of the charging instrument disproves these claims.  *See generally Wyatt*, 24 S.W.3d at 324.

Crowe complains that counts two and four of the indictment are duplicative and therefore violate double jeopardy proscriptions.  Counts two and four are the incest counts.  Although these counts read identically, they allege a one-year time period during which, as was proven at trial, multiple offenses occurred.  *See generally Crowe I*, slip op. at 2-3.

Crowe also complains that the indictments do not demonstrate that the offenses were committed within the jurisdiction of the court.  This is a somewhat convoluted allegation which appears to relate to proof at trial that sexual misconduct occurred both in Meigs County and McMinn County.  The indictment itself alleges that the offenses occurred in McMinn County, which is obviously within the jurisdiction of the McMinn County Criminal Court.  Thus, no insufficiency of the indictment exists.  To the extent that this issue is a complaint about the proof allowed at trial, the issue is beyond the scope of *habeas corpus* proceedings.

For these reasons, Crowe would not be entitled to *habeas corpus* relief, even if he had filed a proper pleading in the proper court.

In closing, we must comment upon Crowe's attempt to raise additional issues in his appellate brief that were not the subject of the motion he filed in the lower court.  It is a well-settled principle that this court will not consider issues raised for the first time on appeal.  *See, e.g., State v. Turner*, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995).  Moreover, to the extent that these issues could have been raised in prior proceedings but were not, they are waived.  *See, e.g.,* Tenn. Code Ann. § 40-30-206(g) (1997).

In conclusion, we dismiss the appeal and thereby affirm the lower court's denial of Crowe's "Motion to Dismiss."

We will tax costs of the appeal to the petitioner.  Tennessee Rule of Appellate Procedure 40(a) provides that "if an appeal is dismissed" or "if a judgment is affirmed, [appellate] costs *shall be taxed against the appellant*," unless the appellate court otherwise orders.  Tenn. R. App. P. 40(a) (emphasis added).  This court has often "otherwise ordered" when the record of the lower court proceeding demonstrated that the lower court determined that the appellant was "indigent," meaning that the person had insufficient "means to pay reasonable compensation for the services of a competent attorney."  Tenn. Code Ann. § 40-14-201 (1997).  In other words, when the record on appeal showed that the court below found the criminal defendant or petitioner-appellant to be indigent, *as a dispensation* we have often excused the appellant from paying appellate court costs, even if this court affirmed the lower court's judgment.  *See Larry C. Corum v. State*, No. E2000-01076-CCA-OT-CD, slip op. at 2 (Tenn. Crim. App., Knoxville, July 5, 2000) (order).  In the present case, the issue of the petitioner's "indigency" was not raised below and was not addressed by the lower court in this cause of action.  Because the record contains no basis for us granting the dispensation, we invoke Rule 40(a) as it was intended to apply in taxing appellate costs

upon dismissal of the appeal or affirmance of the lower court.  Again, in those situations, the appellant is liable for paying appellate court costs.

_____
JAMES CURWOOD WITT, JR., JUDGE