IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 15, 2003

## DONALD WALTON  v.  STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Wayne County**
**No. 12705     Robert L. Jones, Judge**

---

**No. M2002-02044-CCA-R3-CO - Filed January 28, 2004**

---

Petitioner, Donald Walton, appeals from the trial court's summary dismissal of his petition for writ of habeas corpus. After a review of the record and the briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

Donald F. Walton, *Pro Se*, Clifton, Tennessee.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General, for the appellee, the State of Tennessee.

### OPINION

According to the petition for writ of habeas corpus relief, Petitioner was originally charged with felony murder in the Criminal Court of Davidson County and pled guilty to the "amended" charge of second degree murder. The procedural history of this case prior to the filing of the present petition can be found at *Donald F. Walton v. State*, No. 01C01-9707-CR-00273, 1998 Tenn. Crim. App. LEXIS 963 (Tenn. Crim. App. at Nashville, Sept. 16, 1998) *perm. to app. denied* (Tenn. 1999).

In his original petition, and in his brief and reply brief filed in this appeal, Petitioner asserts that second degree murder was not a lesser-included offense of felony murder at the time he pled guilty in 1994, and therefore he could not have been convicted of the charge of second degree murder as a lesser-included offense of the charged offense of felony murder. Defendant relies upon Rule 7 of the Tennessee Rules of Criminal Procedure in support of his argument that the indictment charging felony murder could not be amended to second degree murder since it charged a different, not a lesser-included, offense. Petitioner has overlooked the portion of Rule 7 of the Tennessee

Rules of Criminal Procedure which provides that an indictment can be amended in all cases with the consent of the defendant. If the indictment was not properly amended, this would make the judgment voidable and not void on its face.

Petitioner has attached a portion of a transcript which he represents to be from his guilty plea proceedings. This portion of the transcript clearly reflects that the charge of felony murder was amended to charge second degree murder. A charge in an indictment can be amended to a charge which is not a lesser-included offense of the original charge. *See Charles K. Hunter v. Ricky Bell, Warden*, No. 01C01-9807-CR-00316, 1999 WL 482405, 1999 Tenn. Crim. App. LEXIS 690 (Tenn. Crim. App., July 9, 1999) *perm. to app. not filed.*

In Tennessee, habeas corpus relief is only available when a conviction is void because the convicting court was without jurisdiction or authority to sentence a defendant, or when a defendant's sentence has expired and the defendant is being illegally restrained. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). A petitioner has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner successfully carries this burden, the petitioner is entitled to immediate release. *Id*. "A trial court is not required, as a matter of law, to grant the writ and conduct an inquiry into the allegations contained in the petition." *Id*. "If the petition fails to state a cognizable claim, the suit may be summarily dismissed by the trial court." *Id*. An evidentiary hearing is not warranted when the facts alleged in the petition, even if true, would not serve as a basis for relief. *Lewis v. Metropolitan General Sessions Court for Nashville*, 949 S.W.2d 696, 700 (Tenn. Crim. App. 1996).

From the petition and the records attached thereto, it is clear that Petitioner pled guilty to the charge of second degree murder after the original charge of felony murder had been amended to charge second degree murder. The facts alleged in the petition, even if true, would not serve as a basis for habeas corpus relief. Petitioner is not entitled to relief in this appeal.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court dismissing the petition for habeas corpus relief.

_____
THOMAS T. WOODALL, JUDGE