IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## ANDRE JACKSON v. FRED RANEY, WARDEN

**Direct Appeal from the Circuit Court for Lake County**
**No. 99-7947   R. Lee Moore, Jr., Judge**

_____

**No. W1999-00234-CCA-R3-CD - Decided May 19, 2000**

_____

This appeal arises from the trial court's denial of the petitioner's *pro se* petition for habeas corpus relief based on his assertions that his guilty plea to second degree murder was void and illegal and that he had ineffective assistance of counsel in advising him to accept the plea agreement. After a careful review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

GLENN, J., delivered the opinion of the court, in which HAYES, J., and RILEY, J., joined.

Andre Jackson, Tiptonville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter, and Clinton J. Morgan, Counsel for the State, for the appellee, Fred Raney, Warden.

### OPINION

On February 11, 1993, the petitioner was indicted for the first degree murder of J. L. Covington. He entered a plea of guilty in the Shelby County Criminal Court to second degree murder, a Class A felony, on October 14, 1993. As part of the plea agreement, the petitioner was sentenced as a Range III offender and received forty years incarceration at forty-five percent plus a fifty dollar fine. He subsequently filed a Petition for Habeas Corpus, which was denied by the trial court on August 9, 1999.

In his habeas petition, the petitioner alleged that his sentence was void, because his guilty plea was not voluntary and knowing, and was also illegal, in that his punishment was above the appropriate range that would normally be given him under the Sentencing Reform Act of 1989. He alleged that the trial court did not inform him of the minimum and maximum ranges for second degree murder, and he was denied effective assistance of counsel when he was led to plead out of his range. The trial court, in denying the petition, stated, "Petitioner's allegations that he was improperly sentenced are not proper subject for habeas corpus relief. The judgment is not void, nor has the sentence expired. The petition is denied."

On appeal, the petitioner has raised several issues that can be combined into two:

1. Whether the petitioner's sentence is void or illegal?

2. Whether the petitioner was denied effective assistance of counsel during the plea process?

**Habeas Relief**

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998); Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App.), perm. app. denied (Tenn. 1994). A void, as opposed to a voidable, judgment has been defined by our Supreme Court as "one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); see also Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The judgment of a court of general jurisdiction is conclusive and presumed to be valid, and such a judgment can only be impeached if the record affirmatively shows that the rendering court was without personal or subject matter jurisdiction. Archer v. State, 851 S.W.2d 157, 162 (Tenn. 1993); Passarella, 891 S.W.2d at 626. Thus, habeas corpus relief is available only when "'it appears upon the face of the judgment or the record of the proceedings upon which the judgement is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment . . . has expired." Archer, 851 S.W.2d at 164 (citation omitted).

To obtain habeas corpus relief, the petitioner must show by a preponderance of the evidence that his sentence is void and not merely voidable. See Davenport, 980 S.W.2d at 409; Passarella, 891 S.W.2d at 627. Consequently, a petitioner cannot collaterally attack a facially valid judgment of the trial court in a petition for habeas corpus relief. Archer, 851 S.W.2d at 162. The proper means of challenging a facially valid judgment based on a constitutional violation is through a petition for post-conviction relief. Lewis v. Metropolitan Gen. Sessions Court for Nashville, 949 S.W.2d 696, 699 (Tenn. Crim. App. 1996), perm. app. denied (Tenn. 1997); Fredrick v. State, 906 S.W.2d 927, 929 (Tenn. Crim. App. 1993).

In the present case, the petitioner has failed to carry his burden of showing through the record that his sentence was void or illegal. His allegation that his plea was involuntary would only result in a voidable judgment, which cannot be attacked through a habeas corpus petition. See Archer, 851 S.W.2d at 164. The fact that the trial court may or may not have informed the petitioner of the maximum and minimum ranges of his punishment still does not make habeas corpus relief available.[1] Lewis, 949 S.W.2d at 699 (failure to fully advise defendant of rights waived by guilty

---

[1]The transcript of the plea proceedings, which would have included the dialogue between the petitioner and the court when he entered his plea, is not contained in the record before us.

plea merely renders judgment voidable, not void). Likewise, an allegation of ineffective assistance of counsel merely renders a judgment voidable and not void. Passarella, 891 S.W.2d at 627.

Neither is the petitioner's sentence illegal. The petitioner faced a potential jury conviction on first degree murder. He agreed to be sentenced as a Range III offender as part of the agreement with the State that allowed him to plead guilty to second degree murder instead. The statutory range of punishment for a Range III offender to second degree murder, a Class A felony, is not less than forty nor more than sixty years. Tenn. Code Ann. § 40-35-112(c)(1); § 39-13-210. The petitioner was sentenced to the minimum in that range, and the trial court was within its statutory authority to make such judgment.

Although, under certain circumstances, a petition for writ of habeas corpus may be treated as a petition for post-conviction relief, Tenn. Code Ann. § 40-30-205(c), this petition was not filed in the Shelby County Criminal Court, as would have been required of a petition for post-conviction relief. Tenn. Code Ann. § 40-30-204(a). Additionally, the guilty plea having been entered in 1993, and the petition not having been filed until 1999, the statute of limitations had expired for the filing of a petition for post-conviction relief. Carter v. State, 952 S.W.2d 417, 420 (Tenn. 1997).

The petitioner does not allege that the trial court lacked personal and subject matter jurisdiction over him when it rendered the judgment. This judgment is presumed to be valid, and we see no evidence in the record before us that it was not. A facially valid judgment cannot be collaterally attacked by requesting habeas corpus relief, and the trial court was correct in dismissing the petition. We, therefore, affirm the judgment of the trial court.