Billy H. FREDRICK, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee, at Knoxville.

Nov. 10, 1993.

Billy H. Fredrick, Memphis, pro se.

Charles W. Burson, Attorney General & Reporter, Amy L. Tarkington, Assistant Attorney General, Criminal Justice Division, Nashville, Gary D. Gerbitz, District Attorney General, Rebecca J. Stern, Asst. Dist. Attorney General, Chattanooga, for the Appellee.

## OPINION

SUMMERS, Judge.

Appellant, Billy H. Fredrick, presents a *pro se* appeal as of right from an order entered by the trial court denying his petition for writ of habeas corpus. The court treated appellant's writ as a petition for post-conviction relief and dismissed it for being time barred pursuant to T.C.A. § 40–30–102. Appellant now appeals, contending that (1) T.C.A. § 40–30–102 is unconstitutional, and (2) that the trial court erred in dismissing his petition without an evidentiary hearing.

On October 27, 1992, appellant filed a petition for writ of habeas corpus attacking a guilty plea entered in 1981. While appellant has fully completed this sentence, he contends that he is "under restraint of liberty" because this conviction was used to enhance

his sentence for a subsequent conviction in federal court. In his petition, appellant claimed that his 1981 guilty plea was not knowingly and voluntarily entered because he was not advised that his conviction could be used in subsequent proceedings to enhance his sentence. Without the appointment of counsel or an evidentiary hearing, the trial court dismissed appellant's petition for being filed beyond the three-year period provided in T.C.A. § 40–30–102.

In his first issue, appellant argues that the three-year statute of limitations in T.C.A. § 40–30–102 is unconstitutional. He bases his claim on Article 1, Section 9 of the United States Constitution and Article 1, Section 15 of the Tennessee Constitution which mandate that the writ of habeas corpus shall not be suspended. He contends that the post-conviction statute of limitations barred his writ of habeas corpus in contravention of both the federal and state constitutions.

■ Initially, we note that the trial court properly treated appellant's petition for writ of habeas corpus as a petition for post-conviction relief. *See* T.C.A. § 40–30–108. Appellant's conviction is facially valid and cannot be collaterally attacked in a habeas corpus proceeding. *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

■ Next, we address appellant's constitutional challenge to the post-conviction statute of limitations. In *Potts v. State,* 833 S.W.2d 60 (Tenn.1992), our Supreme Court held that a constitutional challenge to T.C.A. § 40–30–102 based upon Article 1, Section 15 of the Tennessee Constitution was without merit. The Court found that the statute of limitations on post-conviction petitions is inapplicable to habeas corpus proceedings "because the two avenues of collateral attack are theoretically and statutorily distinct." *Id.* at 62. The Court in *Potts* also noted that the provisions of T.C.A. § 40–30–102 are applicable to petitions for writ of habeas corpus only to the extent that such writs are properly treated by courts as post-conviction petitions.

*Id.* Because the trial court properly treated appellant's petition as one for post-conviction relief, no constitutional deprivation occurred.

As a sub-issue, appellant claims that the application of the three-year statute of limitations denied him due process of law and equal protection under the United States and Tennessee Constitutions. Specifically, he claims that a court may choose to treat a habeas corpus petition as one for post-conviction relief without any ascertainable standards. Furthermore, he contends that these two forms of collateral attack have become so similar in nature that the post-conviction statute of limitations should be declared unconstitutional.

■ We find appellant's assertions to be without merit. As noted previously, habeas corpus and post-conviction proceedings are distinct methods of collateral attack. *Potts v. State,* 833 S.W.2d at 62. For example, a post-conviction proceeding may challenge convictions that are alleged to be either void or voidable due to an abridgement of constitutional rights. T.C.A. § 40–30–105. The writ of habeas corpus, on the other hand, only issues in the case of a void judgment or when the term of imprisonment has expired. *State ex rel. Hall v. Meadows,* 215 Tenn. 668, 389 S.W.2d 256, 259 (1965). Moreover, in *Burford v. State,* 845 S.W.2d 204 (Tenn.1992), our Supreme Court held that T.C.A. § 40–30–102 satisfied the due process clause of both the state and federal constitutions.

Next, appellant asserts that the trial court erred in dismissing his petition without conducting an evidentiary hearing.

■ In *Baxter v. Rose,* our Supreme Court stated that "[t]he allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers, and the test is whether it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 523 S.W.2d 930, 939 (Tenn.1975). "[W]hen a colorable claim is presented in a *pro se* petition, dismissal without appointment of counsel to draft a

competent petition is rarely proper." *Swanson v. State*, 749 S.W.2d 731, 734 (Tenn.1988). A colorable claim is one that alleges facts showing that the conviction resulted from an abridgement of a constitutional right and which demonstrates that the ground for relief was not previously determined or waived. *See State v. Smith*, 814 S.W.2d 45, 49 (Tenn. 1991); *Arthur v. State*, 483 S.W.2d 95, 96 (Tenn.1972). "If the availability of relief cannot be conclusively determined from a *pro se* petition and the accompanying records, the petitioner must be given the aid of counsel." *Swanson*, 749 S.W.2d at 734. However, when a petition has been competently drafted, and conclusively shows that the petitioner is entitled to no relief, the court may order the petition dismissed without the appointment of counsel and without an evidentiary hearing. T.C.A. § 40–30–109(a)(1). *See also Swanson*, 749 S.W.2d at 734; *Givens v. State*, 702 S.W.2d 578, 580 (Tenn.Crim.App. 1985).

▆▆▆ Initially, we find appellant's *pro se* petition to be competently drafted. We also note that the trial court did not dismiss appellant's petition for a technical defect or for lack of clarity or incompleteness, but rather because the limitations period of T.C.A. § 40–30–102 had expired. *See* T.C.A. § 40–30–115(b). We agree with the trial court that appellant's petition is time barred by the three-year statute of limitations in T.C.A. § 40–30–102. As such, we find that this petition conclusively shows that appellant is entitled to no relief and that it was properly dismissed without the appointment of counsel and without an evidentiary hearing. T.C.A. § 40–30–109(a)(1).

The judgment of the trial court is affirmed.

SCOTT, P.J., and WHITE, J., concur.