IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 7, 2001

## RONALD CRAFTON v. JAY DUKES, Warden

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5450      Joseph H. Walker, Judge**

**No. W2001-00320-CCA-R3-CO - Filed September 6, 2001**

The petitioner appeals the trial court's dismissal of his petition for habeas corpus relief. The trial court determined that the allegations contained in the petitioner's *pro se* petition were not ones that would entitle him to habeas corpus relief, and therefore dismissed his petition. After a careful review of the record, we affirm the trial court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOE G. RILEY, JJ., joined.

Ronald Crafton, Henning, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; and Mark E. Davidson, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

From the extremely sparse record in this case,[1] it appears that on November 7, 1991, the petitioner, Ronald Crafton, was convicted in the Circuit Court of Henry County of two counts of rape, a Class B felony. After his conviction, while out on bond awaiting sentencing, he apparently left the state. According to the petitioner, he was subsequently sentenced *in absentia* to twelve years on each count, with the sentences to be served consecutively, for an effective sentence of twenty-four years. On April 26, 1994, he was transported from Indiana, where he was incarcerated, back to Tennessee to begin service of his Tennessee sentences.

---

[1] Other than the petitioner's petition for writ of habeas corpus and the order denying relief on the petition, the record consists of one judgment form; various miscellaneous orders; a Clinton County Sheriff Department's inmate arrest report, presumably from the Indiana county in which the petitioner was arrested after his flight from Tennessee; and several "offender sentence letters," apparently issued by the West Tennessee High Security Facility.

On December 14, 2000, the petitioner filed a *pro se* petition for writ of habeas corpus[2] in the Circuit Court of Lauderdale County. He alleged that his original computer printout sheets issued at West Tennessee State Penitentiary showed that his time began to run on November 7, 1991, and that he was told by a deputy at the Henry County Jail that the judge was "giving" him that time because he had "not been in any trouble." He alleged that the trial court unlawfully resentenced him on April 24, 1994, when he was outside the county's jurisdiction, changing his sentence effective date to April 26, 1994. He claimed that there were no factors justifying his receiving the maximum sentences within the range of punishment. He further alleged that the trial court's order of consecutive sentencing was illegal, because it was unaccompanied by any findings of fact by the trial court reflecting the necessity of consecutive sentencing. According to his argument, he is entitled to habeas corpus relief because, if sentenced properly, his sentences would have expired.

On January 9, 2001, the court dismissed the petitioner's petition, finding that he had failed to allege any grounds that would entitle him to habeas corpus relief. Thereafter, on February 6, 2001, the petitioner filed a timely appeal to this court, challenging the trial court's dismissal of his petition.

## ANALYSIS

The petitioner contends that the trial court erred in dismissing his petition. He alleges that the Henry County trial court imposed an unlawful sentence by inappropriately applying enhancement factors to sentence him at the top of the range, failing to follow the statutory guidelines in imposing consecutive sentences, and changing his sentence effective date when he was out of the jurisdiction. The petitioner further alleges that the court clerk "falsified and back-dated a certificate" to change the effective dates of his sentence, thereby violating his due process rights under the Fifth Amendment of the United States Constitution. The State responds that the petitioner's allegations, even if true, would render his sentence voidable, rather than void, and argues that the trial court properly dismissed the petition for its failure to state appropriate grounds for habeas corpus relief.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998); Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994). To obtain habeas corpus relief, the petitioner must show by a preponderance of the evidence that his sentence is void and not merely voidable. See Davenport, 980 S.W.2d at 409; Passarella, 891 S.W.2d at 627. A void, as opposed to a voidable, judgment has been defined by our supreme court as "one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); see also Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The judgment of a court of general

---

[2]It does not appear that the petitioner has previously attacked his Tennessee convictions by either a direct appeal or post-conviction pleading.

jurisdiction is conclusive and presumed to be valid, and such a judgment can only be impeached if the record affirmatively shows that the rendering court was without personal or subject matter jurisdiction. Archer v. State, 851 S.W.2d 157, 162 (Tenn. 1993); Passarella, 891 S.W.2d at 626. The petitioner cannot collaterally attack a facially valid judgment of the trial court in a petition for habeas corpus relief. Archer, 851 S.W.2d at 162. Thus, habeas corpus relief is available only when "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment . . . has expired." Id. at 164 (citation omitted).

After a careful review, we conclude that the trial court properly dismissed the petitioner's petition for its failure to allege grounds that would entitle him to habeas corpus relief. As the State points out, the petitioner does not allege that the Circuit Court of Henry County lacked either personal or subject matter jurisdiction in the case. In arguing that the trial court unlawfully altered his sentence, the petitioner appears to principally rely on the fact that at least one computer printout letter issued by the prison system reflected his "sentence effective date" as November 5, 1991, while in subsequently issued letters the date was recorded as April 24, 1994.[3] However, an error made by prison officials or the prison computer system in recording the petitioner's sentence and parole dates would not render the judgment of the Henry County Circuit Court void. As the trial court noted, the proper method for the petitioner to challenge his time credits or parole dates is through the avenues of the Uniform Administrative Procedures Act, Tennessee Code Annotated Sections 4-5-101 to -325. See Brigham v. Lack, 755 S.W.2d 469, 471 (Tenn. Crim. App. 1988). We further note that the proper method for the petitioner to challenge a facially valid judgment based on a constitutional violation would have been in a petition for post-conviction relief. Lewis v. Metro. Gen. Sessions Court for Nashville, 949 S.W.2d 696, 699 (Tenn. Crim. App. 1996); Fredrick v. State, 906 S.W.2d 927, 929 (Tenn. Crim. App. 1993).[4] Thus, we do not accept the petitioner's circular argument that his sentences, though facially valid, are not actually so because of sentencing irregularities.

## CONCLUSION

Based on a careful review, we conclude that the trial court did not err in finding that the petition failed to allege grounds that would entitle him to habeas corpus relief. Accordingly, we

---

[3]Although there are two judgments, presumably, reflecting the two convictions assailed by the petitioner, the single judgment contained in the record shows that he was sentenced on November 22, 1991, to a period of twelve years for rape, and that this sentence was consecutive to that imposed in indictment 11798. He received two days jail credit. This rape sentence would not have expired, much less both sentences, even if the petitioner had gone into custody on the date of its imposition, which did not occur because he had fled the jurisdiction.

[4]Since the petitioner was convicted in 1991, he was subject to a three-year statute of limitations on bringing a petition for post-conviction relief. See Tenn. Code Ann. § 40-30-102 (1986) (repealed 1995).

affirm the trial court's dismissal of the petition.

_____

ALAN E. GLENN, JUDGE