IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MAY 1997 SESSION


EDWARD EARL JONES,        *        C.C.A. # 02C01-9607-CR-00226

            Appellant,        *        SHELBY COUNTY

VS.                    *        Hon. Arthur T. Bennett, Judge

STATE OF TENNESSEE,        *        (Post-Conviction)

            Appellee.        *


FILED

August 27, 1997

Cecil Crowson, Jr.
Appellate Court Clerk


For Appellant:                    For Appellee:

Edward Earl Jones, pro se            Charles W. Burson
#085890                    Attorney General & Reporter
Cold Creek Correctional Facility
P.O. Box 1000                    M. Allison Thompson
Henning, TN  38041-1000            Counsel for the State
                        450 James Robertson Parkway
                        Nashville, TN  37243-0495

                        Perry Hayes
                        Assistant District Attorney General
                        201 Poplar Avenue
                        Memphis, TN  38103


OPINION FILED:_____



AFFIRMED



GARY R. WADE, JUDGE

The petitioner, Edward Earl Jones, appeals the trial court's denial of post-conviction relief. The single issue presented for review is whether the petition was barred by the statute of limitations.

We affirm the judgment of the trial court.

On August 11, 1977, the petitioner was convicted of aggravated rape, for which he received a life sentence; robbery by the use of a deadly weapon, for which he received an eight-year sentence; and crime against nature, for which he received a sentence of not less than eight years nor more than twelve years. This court affirmed the convictions on direct appeal. Edward Earl Jones v. State, No. 102 (Tenn. Crim. App., at Jackson, Feb. 29, 1980). An application for permission to appeal to the supreme court was denied July 1, 1980.

On May 14, 1996, the petitioner filed a post-conviction petition, challenging the validity of the rape conviction. The petitioner contended that there were various irregularities regarding the affidavit of complaint, his arrest, and his preliminary hearing in the General Sessions Court. He also argued that there were deficiencies in the arraignment, the trial, the instructions to the jury, and the sentencing procedure.

The trial court ruled that the petition was barred by the three-year statute of limitations which had been in effect until repealed on May 10, 1995. See Tenn. Code Ann. §§ 40-30-102 to -124 (repealed 1995).

In this appeal, the petitioner also complains that he should have been

2

appointed counsel for assistance in his post-conviction claim. He contends that the district attorney general failed to respond to his petition as required by statute:

> The district attorney general shall represent the state and respond by proper pleading on behalf of the state within thirty (30) days after receiving notice of the docketing or within such time as the court orders.

Tenn. Code Ann. § 40-30-114(a) (repealed 1995).

Initially, the dismissal of a colorable post-conviction claim, prior to the 1995 amendment, was rarely proper without the appointment of counsel. Swanson v. State, 749 S.W.2d 731 (Tenn. 1988). If, however, it could be conclusively determined from the pro se petition that the petitioner is not entitled to relief, a summary dismissal is not precluded. A time-barred petition is a classic example. See, e.g., Frederick v. State, 906 S.W.2d 927, 930 (Tenn. Crim. App. 1993) (petition dismissed without the appointment of counsel when barred by statute of limitations). Also, the failure of the district attorney general to participate would not warrant a reversal unless the petitioner was prejudiced thereby. See Brown v. State, 445 S.W.2d 669 (Tenn. Crim. App. 1969). More importantly, the amendments to the Post-Conviction Procedure Act, effective May 10, 1995, implemented substantial changes. See Tenn. Pub. Act 207, §§ 1 and 3. Now, the trial judges must give preliminary consideration to each petition. Tenn. Code Ann. § 40-30-206 (1996 Supp.). Because this petition was filed May 14, 1996, the amended act would apply and, unless the claims fall within one of the statutory exceptions, a summary dismissal without the appointment of counsel would be proper:

> If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed in the court of conviction or within the time set forth in the statute of limitations, or that a prior petition was filed attacking the conviction and was resolved on the merits, the judge shall enter an order dismissing the petition....

Tenn. Code Ann. § 40-30-206(b) (1996 Supp.).

3

Here, the petitioner has made no claims that would qualify as an exception to the statute of limitations. Tenn. Code Ann. § 40-30-202 (1996 Supp.); see Burford v. State, 845 S.W.2d 204 (Tenn. 1992). Thus, under any interpretation of the 1995 Act, this petition is barred by the statute of limitations. See Arnold Carter v. State, No. 03C01-9509-CC-00270 (Tenn. Crim. App., at Knoxville, July 11, 1996), appeal granted, (Tenn., Dec. 2, 1996).

_____
Gary R. Wade, Judge

CONCUR:


_____
John H. Peay, Judge


_____
Thomas T. Woodall, Judge