## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

**AUGUST SESSION, 1999**

**FILED**

September 9, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **RANDALL ALLEN CANTRELL,** | ) | |
| | ) | **No. 01C01-9902-CR-00050** |
| Appellant, | ) | |
| | ) | **SUMNER COUNTY** |
| vs. | ) | |
| | ) | **Hon. Jane W. Wheatcraft, Judge** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | **(Post-Conviction)** |
| Appellee. | ) | |

For the Appellant:

**Randall Allen Cantrell,** *Pro Se*
Reg. #14900-075
F.C.I. Manchester
P. O. Box 4000
Manchester, KY  40962

For the Appellee:

**Paul G. Summers**
Attorney General and Reporter

**Elizabeth B. Marney**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

OPINION FILED: _____

AFFIRMED

**David G. Hayes,** Judge

## OPINION

The appellant, Randall Allen Cantrell, appeals the order of the Sumner County Criminal Court dismissing his *pro se* petition for post-conviction relief. In this appeal, the appellant raises multiple issues which collectively challenge the trial court's summary dismissal of the petition as being time-barred.[1]

As alleged in the appellant's petition for post-conviction relief, during the spring term of 1989, a Sumner County Grand Jury returned an indictment against the appellant, charging him with nine counts of concealing stolen property and possession of marijuana. On November 30, 1989, the case proceeded to trial where a jury found the appellant guilty of two counts of concealing stolen property and one count of possession of marijuana. The appellant was found not guilty of the remaining six counts. The trial court, on March 2, 1990, sentenced the appellant to an effective sentence of six years. No direct appeal was taken.[2]

Subsequently, on April 22, 1996, the appellant pled guilty in the federal district court for the Middle District of Tennessee to seven drug-related offenses. Pursuant to federal sentencing guidelines, the appellant's Tennessee state convictions were used to enhance the sentences resulting from his subsequent federal convictions.[3] The appellant is presently incarcerated at the Federal Correctional Institution in Manchester, Kentucky.

---

[1]Specifically, the appellant contends that the trial court erred by (1) not appointing counsel prior to dismissing the petition; (2) not directing the State to provide the record in this case; and (3) dismissing the petition without ruling on the merits.

[2]On February 4, 1991, the appellant was paroled. He was discharged from parole on July 9, 1995.

[3]In accordance with Federal Sentencing Guidelines, the appellant received five criminal history points for his Tennessee convictions as well as for the fact that the federal offenses were committed while on parole for the Tennessee convictions. See generally 28 U.S.C.A. § 994(a) (West 1993); Federal Sentencing Guidelines §§ 4A1.2 (1995).

On February 9, 1998, the appellant filed a *pro se* petition for post-conviction relief alleging : (1) the fine imposed by the trial court was excessive; (2) the court erroneously admitted evidence of the appellant's prior conviction; (3) the appellant was denied the opportunity to present mitigating factors at the sentencing hearing; (4) the court erred by failing to advise the appellant of his right to appeal;[4] and (5) the court erred by failing to ask the appellant if he wished to make a statement on his own behalf.[5]  On March 11, 1998, the trial court dismissed the petition as being time-barred.

The appellant's convictions became final on April 2, 1990.  Thus, under the Post-Conviction Act in effect at that time, the appellant had until April 2, 1993, in which to file a post-conviction petition.  Tenn. Code Ann. § 40-30-102 (repealed 1995).  The appellant did not file the instant petition until February 9, 1998, well outside the applicable limitations period.  See generally  Carter v. State, 952 S.W.2d 417, 418 (Tenn.1997).   Moreover, the appellant has failed to assert any claim that would qualify as an exception to the statute of limitations.  See Tenn. Code Ann. § 40-30-202 (1997).   Summary dismissal of a *pro se* post-conviction petition filed beyond the three (3) year statute of limitations has been affirmed on numerous occasions, even without appointment of counsel.  See  Tenn. Code Ann. § 40-30-206(b) (1997).  See, e.g.,  Frederick v. State, 906 S.W.2d 927, 930 (Tenn. Crim. App. 1993); Edward Earl Jones v. State, No. 02C01-9607-CR-00226 (Tenn. Crim. App. at Jackson, Aug. 27, 1997), perm. to appeal denied, (Tenn. Dec. 8, 1997). Accordingly, summary dismissal of the appellant's petition was proper.

---

[4]We note that the appellant's petition alleges only that the trial court failed to advise him of his right to appeal, while the appellant's brief submitted to this court expands this issue to include that his counsel was ineffective for failing to advise him of his right to direct appeal.

[5]The appellant also contends that he was denied effective assistance of counsel regarding his federal convictions because counsel failed to advise him that his Tennessee convictions could be used to enhance his federal sentence. This issue is cognizable in a petition for a federal writ of habeas corpus.  Counsel's alleged ineffectiveness does not in any way affect the appellant's Tennessee convictions or sentences.

In addition to finding the petition time-barred, we note that non-constitutional error cannot be addressed under the Post-Conviction Procedure Act. See Tenn. Code Ann. § 40-30-203 (1997). Only one of the claims listed in the appellant's *pro se* petition alleges an abridgement of a constitutional right, *i.e.*, denial of right to direct appeal, which is now barred by the statute of limitations.[6] See also Tenn. Code Ann. § 40-30-213 (1997). Thus, even had the petition not been time-barred, the majority of the appellant's claims were not cognizable in a post-conviction petition.[7]

Finally, the appellant contends that, even if his petition was time-barred under the Post-Conviction Procedure Act, the petition could have been heard under Tenn. Code Ann. § 40-26-105 (1997). We find this argument misplaced. The *writ of error coram nobis* is an exceedingly narrow remedy appropriate only when an issue was not addressed or could not have been addressed at trial because it was somehow hidden or unknown and would have prevented the rendition of the judgment had it been known to the court. See Tenn. Code Ann. § 40-26-105; State v. Hart, 911 S.W.2d 371, 374 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1995). Moreover, the *writ* will only issue one year after the judgment becomes final. Tenn. Code Ann. § 27-7-103 (1980). Accordingly, relief through application for issuance of this writ is not available to the appellant.

For the reasons discussed herein, the judgment of the trial court dismissing the appellant's petition for post-conviction relief is affirmed.

---

[6]There is no constitutional right to appeal, but where appellate review is provided by statute, the proceedings must comport with constitutional standards of due process. State v. Gillespie, 898 S.W.2d 738, 741 (Tenn.Crim.App.1994) (citations omitted).

[7]A majority of the appellant's allegations challenge the sentence imposed by the trial court. "There is no appellate review of the sentence in a post-conviction or habeas corpus proceeding." See Tenn. Code Ann. § 40-35-401 (1997).

_____
DAVID G. HAYES, Judge


CONCUR:



_____
JOE G. RILEY, Judge



_____
L. T. LAFFERTY, Senior Judge