# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
July 2000 Session

## JERREL LIVINGSTON v. JAMES M. DUKES, Warden

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5341    Joseph H. Walker, Judge**

---

**No. W2000-00840-CCA-R3-CD - Decided August 22, 2000**

---

This appeal results from the trial court's denial of the petitioner's petition for writ of habeas corpus based on the fact that the challenged judgment was not invalid on its face, nor had the petitioner's sentence expired. The court also considered this request as a petition for post-conviction relief but dismissed the petition for lack of jurisdiction. Based upon our review of the record, we affirm the trial court's dismissal of the petitioner's request for habeas corpus or post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID H. WELLES, J., and CORNELIA A. CLARK, SP.J., joined.

Jerrel Livingston, Henning, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; and Mark E. Davidson, Assistant Attorney General; for the appellee, State of Tennessee.

## OPINION

Procedurally, this case is made confusing because of the petitioner's multiple filings of post guilty plea petitions in Lauderdale County, where he is incarcerated, and Davidson County, where he pled guilty and where his probation was revoked.

The petitioner filed a *pro se* petition for writ of habeas corpus in the Lauderdale County Clerk's Office on March 16, 2000.[1] The request for the writ was based on the petitioner's claim that

---

[1] In his petition, Livingston states that this is the second petition for writ of habeas corpus, the first having been dismissed by the Lauderdale County Circuit Court on February 10, 1999. Our research reveals the dismissal of a petition for habeas corpus by the Lauderdale County Circuit Court, which action was affirmed by this court on October 19, 1999. Jerrell Livingston v. State, No. 02C01-9903-CC-00084, 1999 WL 1095614 (Tenn. Crim. App. Oct. 19, 1999), perm. app. denied, (Tenn. 2000). We assume this is the same petition as that referred to by the petitioner and

(continued...)

the attorney who represented him at his probation revocation hearing in Davidson County was ineffective, that the trial court committed plain error in revoking his probation, and that he was denied the right to appeal the revocation of his probation. The record provided to us does not contain the warrant from the Davidson County Criminal Court, a transcript of the hearing, or the court order revoking probation.

This appeal resulted after the petitioner challenged the Davidson County court's decision via this habeas corpus petition filed in Lauderdale County. The Lauderdale County court dismissed the habeas petition, which it also treated as a post-conviction petition, because the court found that the petitioner had not alleged grounds that would entitle him to habeas corpus relief, and the Lauderdale County court, not being the convicting court, lacked jurisdiction to grant post-conviction relief. The petitioner appealed the court's denial of his petition to this court.

Although the petitioner states only one issue on appeal, he actually raises three issues in his brief: (1) whether the lower court erred in denying his writ of habeas corpus without a proper finding of facts and/or determination as to whether the claims were valid; (2) whether the lower court [Davidson County] committed plain error in allowing the district attorney to bring up grounds not alleged in the probation violation warrant; and (3) whether he was denied his right to appeal that revocation. Based upon our review, we conclude that the trial court properly dismissed the petitioner's request for relief and affirm the judgment of the trial court.

## ANALYSIS

### I.

### Habeas Corpus Relief

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. State v. Richie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998); Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App.), perm. app. denied, (Tenn. 1994). A void, as opposed to a voidable, judgment has been defined by our supreme court as "one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); see also Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The judgment of a court of general jurisdiction is conclusive and presumed to be valid, and such a judgment can only be impeached if the record affirmatively shows that the rendering court was without personal or subject matter jurisdiction. Archer v. State, 851 S.W.2d 157, 162 (Tenn. 1993); Passarella, 891 S.W.2d at 626. Thus, habeas corpus relief is available only when "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was

---

[1](...continued)
in the court order denying his petition.

without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment . . . has expired." Archer, 851 S.W.2d at 164 (citation omitted).

To obtain habeas corpus relief, the petitioner must show by a preponderance of the evidence that his sentence is void and not merely voidable. See Davenport, 980 S.W.2d at 409; Passarella, 891 S.W.2d at 627. Consequently, a petitioner cannot collaterally attack a facially valid judgment of the trial court in a petition for habeas corpus relief. Archer, 851 S.W.2d at 162. The proper means of challenging a facially judgment based on a constitutional violation is a petition for post-conviction relief. Lewis v. Metro. Gen. Sessions Court for Nashville, 949 S.W.2d 696, 699 (Tenn. Crim. App. 1996), perm. app. denied, (Tenn. 1997); Fredrick v. State, 906 S.W.2d 927, 929 (Tenn. Crim. App. 1993). Furthermore, an allegation of ineffective assistance of counsel merely renders a judgment voidable and not void. Passarella, 891 S.W.2d at 627.

In the present case, the petitioner is challenging his probation revocation on constitutional grounds and trial court error, rather than based upon the fact that the court was without jurisdiction to revoke his probation or that his sentence had expired. There is nothing in the record before us that would cause us to question the jurisdiction of the Davidson County court to revoke the petitioner's probation or the status of the petitioner's sentence. Therefore, the judgment of the trial court was not subject to habeas corpus relief. The petitioner failed to carry his burden of showing that the order of revocation was invalid on its face, and the judgment of the trial court is affirmed.

## II.
## Post-Conviction Relief

After finding that a habeas corpus petition was not the appropriate vehicle for the petitioner's claims, the trial court considered the petition as a request for post-conviction relief.[2] Because this *pro se* petition was filed after March 26, 1996, it is governed by the 1995 Post-Conviction Procedure Act. Tenn. Code Ann. § 40-30-201 et. seq. (1997) (Compiler's Notes); 1995 Tenn. Pub. Acts ch. 207, § 3. Tennessee Code Annotated § 40-30-203 allows void or voidable judgments to be challenged on constitutional grounds using the post-conviction procedure.

On March 23, 2000, the court dismissed the petition pursuant to Tennessee Code Annotated § 40-30-103(a). That section of the statute was repealed in 1995. It was replaced by § 40-30-204(a), which states that "[a] post-conviction proceeding is commenced by filing, with the clerk of the court **in which the conviction occurred**, a written petition naming the state as the respondent." (emphasis

---

[2]From our review of the record, it appears that this post-conviction petition may have been the second one filed in this case. In the defendant's inmate affidavit attached to his petition, he states that he filed a post-conviction petition in the Davidson County Criminal Court in case number 89-F-1537. The Davidson County petition was dismissed as time barred. That petition was seeking relief apparently alleging his not receiving credit for time served following the revocation hearing. If the Lauderdale County petition was the second one filed in this case, this trial court, when considering the petition as one for post-conviction relief, could have dismissed the petition pursuant to Tennessee Code Annotated § 40-30-202(c), which states, "This part contemplates the filing of only one (1) petition for post-conviction relief. In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment."

added).  Since the petitioner was convicted in Davidson County, the Lauderdale County court found that it lacked jurisdiction to hear the petition.

We find no error in the trial court's decision.  Tennessee Code Annotated § 40-30-206 (1997) states:

> (b) If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed in **the court of conviction** or within the time set forth in the statute of limitations, or that a prior petition was filed attacking the conviction and was resolved on the merits, **the judge shall enter an order dismissing the petition**.  (emphasis added).

Pursuant to the statute, the Lauderdale County court was required to dismiss the petitioner's post-conviction petition and properly did so.  We, therefore, affirm the judgment of the trial court.

## CONCLUSION

Based upon our review, we affirm the judgment of the trial court.

_____

ALAN E. GLENN, JUDGE