# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs February 24, 2004

## PATRICK E. SIMPSON v. RICKY BELL, WARDEN

**Direct Appeal from the Criminal Court for Davidson County**
**No. 98-C-2259    Steve R. Dozier, Judge**

_____

**No. M2003-01750-CCA-R3-HC - Filed May 10, 2004**

_____

The petitioner, Patrick E. Simpson, pled guilty to two counts of aggravated assault and was sentenced to concurrent terms of three years to be served consecutively to his parole violation. He appeals the summary dismissal of his petition for habeas corpus relief, arguing that the trial court failed to enforce his guilty plea agreement and that his sentence has expired. Following our review, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and NORMA MCGEE OGLE, JJ., joined.

Patrick E. Simpson, Riverbend Maximum Security Institution, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Stephen Douglas Thurman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

This matter is complicated and confusing. We will set out its background, as we understand it to be. The petitioner was originally convicted of three counts of armed robbery and malicious shooting for his participation in events occurring on February 5, 1977, at a Nashville residence and received a lengthy sentence. After being released and while on parole for these offenses, he was indicted for two counts of attempted first degree murder committed on February 28, 1998. He subsequently pled guilty on January 6, 1999, to two counts of aggravated assault and was sentenced to concurrent sentences of three years to be served consecutively to his parole violation. Shortly thereafter, he began filing a complicated series of claims, asserting that various of his rights were being violated. To explain these, we will rely upon the most recent decision of this court as to the

petitioner. In <u>Patrick E. Simpson v. State</u>, No. M2001-02021-CCA-R3-CO, 2002 WL 445060, at *1 (Tenn. Crim. App. Mar. 22, 2002), <u>perm. to appeal denied</u> (Tenn. Sept. 16, 2002),[1] we explained his various filings:

> According to the trial court's order, petitioner earlier filed a "motion to correct judgment to receive jail credits" on December 5, 2000. The motion was dismissed by the trial court for lack of jurisdiction. Petitioner's appeal to this court was dismissed as untimely; however, this court noted that petitioner should seek relief through the Administrative Procedures Act pursuant to Tennessee Code Annotated sections 4-5-101 et seq. <u>State v. Patrick E. Simpson</u>, No. M2000-03229-CCA-R3-CD (Tenn. Crim. App. Feb. 7, 2001, at Nashville) (order dismissing appeal). This court further denied the petition to rehear but noted petitioner, having been sentenced to the county workhouse, might still be able to seek relief in the trial court pursuant to Tennessee Code Annotated section 40-35-114(c). <u>State v. Patrick Simpson</u>, No. M2000-03229-CCA-R3-CD (Tenn. Crim. App. Feb. 28, 2001, at Nashville) (order denying petition to rehear). This statute grants the trial court full jurisdiction over a person serving a sentence in the county jail or workhouse. However, this court very probably was unaware that the petitioner was not actually confined in the county workhouse, but instead was incarcerated in a Department of Correction facility. Apparently based upon this court's suggestion, petitioner filed the present petition on March 15, 2001.

In addition to these actions, the petitioner filed an unsuccessful declaratory judgment action in the Davidson County Chancery Court, under No. 00-3531-II, seeking the court to declare that he should be housed in the workhouse rather than the state penitentiary and, apparently, a determination that his 1999 plea agreement was invalid. The court noted that filed in the matter was an affidavit of Roberta Pierce, a sentence analyst for the Tennessee Department of Correction ("TDOC"), which stated that the petitioner had "an Armed Robbery sentence that will not expire until October 2007 and a conviction for malicious stab wound that will not expire until April 2010." Additionally, under No. 3:02-1067, he filed a petition for writ of habeas corpus in the United States District Court for the Middle District of Tennessee. That action was dismissed by order and memorandum filed on April 9, 2003, explaining that, although he had filed previous actions in the state courts, he had not filed a habeas corpus action. Accordingly, his claim for federal relief was premature because he had not exhausted his state remedies. Apparently, that dismissal prompted the filing of this action.

The petitioner then filed a *pro se* petition for writ of habeas corpus on April 29, 2003, alleging that the trial court failed to enforce his plea agreement and that his sentence had expired on

---

[1]Although this opinion was designated as not for citation by the supreme court, we quote from it to explain the background of this matter. <u>See</u> Tenn. Sup. Ct. R. 4(F)(2).

March 22, 2003, and asking that counsel be appointed to represent him. The post-conviction court summarily dismissed the petition, stating that the petitioner had failed to include copies of his previous judgments, thereby "mak[ing] it impossible to determine the merits of the petition on its face." Thereafter, the petitioner filed a "Motion for Determination of Status of Case" on May 23, 2003, a "Motion to Ascertain" on June 6, 2003, and an "Affidavit in Support to Amend to Conform to the Evidence" on June 12, 2003. Treating the affidavit as a habeas corpus petition, the post-conviction court denied this petition also, finding that "the petitioner ha[d] not stated a ground for habeas corpus relief. Issues concerning time credits are inappropriate considerations in a habeas corpus proceeding."

## ANALYSIS

The petitioner states as his issues that the trial court failed to enforce his plea agreement by not giving him jail credit for time served and that his concurrent three-year sentences expired on March 22, 2003, entitling him to be released. He also argues that the judgment provided that he was to serve his sentence in the county workhouse instead of the Department of Correction.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment has been defined by our supreme court as "one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); see also Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The judgment of a court of general jurisdiction is conclusive and presumed to be valid, and such a judgment can only be impeached if the record affirmatively shows that the rendering court was without personal or subject matter jurisdiction. Archer v. State, 851 S.W.2d 157, 162 (Tenn. 1993). Thus, habeas corpus relief is available only when "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment . . . has expired." Archer, 851 S.W.2d at 164 (citation omitted).

To obtain habeas corpus relief, the petitioner must show by a preponderance of the evidence that his sentence is void and not merely voidable. See Davenport, 980 S.W.2d at 409. Consequently, a petitioner cannot collaterally attack a facially valid judgment of the trial court in a petition for habeas corpus relief. Archer, 851 S.W.2d at 162. The proper means of challenging a facially valid judgment based on a constitutional violation is a petition for post-conviction relief. Lewis v. Metro. Gen. Sessions Court for Nashville, 949 S.W.2d 696, 699 (Tenn. Crim. App. 1996); Fredrick v. State, 906 S.W.2d 927, 929 (Tenn. Crim. App. 1993).

In his petition for writ of habeas corpus, the petitioner asserts that he "was a parole violator at the time of his arrest and after settlement of the new felonies. Petitioner appeared before a hearing official of the Board of Parole for a time setting. The board's decision was that petitioner do

eighteen (18) months then begin his new sentence on 1-6-2001." Thus, we understand the petitioner's claim to be that he was required to serve an additional eighteen months as the result of the revocation of his parole and, then, serve his new three-year sentences. By his argument, he has completed all of these sentences and, now, is being held illegally. However, the exhibits submitted by the petitioner do not support his analysis. His "Exhibit 1" appears to be a form of the Board of Parole, which is a record of his revocation hearing. It recites, *inter alia*, that he had been paroled on October 20, 1997, and that the revocation warrant had been served on him on April 2, 1998. It stated that his new three-year sentences were imposed on January 6, 1999, and that he was to "begin new sentence 1-6-2001." Additionally, referring apparently to his previous sentences, the form states "net expiration date 12/13/2010." We note that this date corresponds with the affidavit of Roberta Pierce, a TDOC sentence analyst, as recounted by the Chancery Court in its 2001 dismissal of the petitioner's declaratory judgment action that the sentences for his previous convictions "will not expire until April 2010."[2]

Thus, as we view this contorted matter, the records appear to support the petitioner's claim that his three-year sentences have expired. However, he ignores the fact that they show also that he is now imprisoned as the result of the revocation of his parole on three twenty-five-year sentences and two sentences of two to five years, to be served consecutively to each other. See Patrick Simpson v. State, No. 01-C-01-9203-CR-00098, 1992 WL 335937, at *1 (Tenn. Crim. App. Nov. 18, 1992). Thus, the petitioner has not shown either that a convicting court was without jurisdiction or that the sentences for which he now is imprisoned have expired.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the dismissal of the petition for habeas corpus relief.

_____
ALAN E. GLENN, JUDGE

---

[2]Presumably the petitioner had received sentence credits during the period between his revocation hearing and the dismissal of his chancery court action.