IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 9, 2004

## TIMOTHY J. TAYLOR v. KEVIN MYERS, Warden

**Direct Appeal from the Circuit Court for Wayne County**
**No. 13151     Robert Holloway, Judge**

_____

**No. M2003-02754-CCA-R3-HC - Filed June 22, 2004**

_____

The defendant was convicted in 1998 of a series of felonies, receiving an effective sentence of five years and six months. He was released on parole in 1999, and his parole was revoked in 2002, resulting in his reincarceration. Subsequently, he filed a petition for writ of habeas corpus, asserting that his five-year-six-month sentence had expired. The post-conviction court dismissed the petition; and, following our review, we affirm the dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JERRY L. SMITH and JOE G. RILEY, JJ., joined.

Timothy J. Taylor, CCA/SCCF, Clifton, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; and Helena Walton Yarbrough, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The petitioner was sentenced, in April 1998, to eighteen months for his conviction for felony escape, to be served consecutively to his sentences for auto burglary and three counts of forgery, for which he received concurrent two-year sentences. In September 1998, he was convicted of theft between $10,000 and $60,000 and sentenced to five years and six months to be served concurrently with his previous sentences. The petitioner was released from confinement on November 3, 1999, and a parole violation warrant was issued on October 16, 2002. His parole was revoked on November 19, 2002. On July 29, 2003, he filed a *pro se* petition for writ of habeas corpus, claiming that his sentences had expired. The post-conviction court dismissed the petition, and this appeal followed.

## ANALYSIS

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment has been defined by our supreme court as "one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); see also Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The judgment of a court of general jurisdiction is conclusive and presumed to be valid, and such a judgment can only be impeached if the record affirmatively shows that the rendering court was without personal or subject matter jurisdiction. Archer v. State, 851 S.W.2d 157, 162 (Tenn. 1993). Thus, habeas corpus relief is available only when "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment . . . has expired." Id. at 164 (citation omitted).

To obtain habeas corpus relief, the petitioner must show by a preponderance of the evidence that his sentence is void and not merely voidable. See Davenport, 980 S.W.2d at 409. Consequently, a petitioner cannot collaterally attack a facially valid judgment of the trial court in a petition for habeas corpus relief. Archer, 851 S.W.2d at 162. The proper means of challenging a facially valid judgment based on a constitutional violation is a petition for post-conviction relief. Lewis v. Metro. Gen. Sessions Court for Nashville, 949 S.W.2d 696, 699 (Tenn. Crim. App. 1996); Fredrick v. State, 906 S.W.2d 927, 929 (Tenn. Crim. App. 1993).

The petitioner's argument, as explained in his brief, is that at his November 19, 2002, revocation hearing, "the Board in its written statement never made any determination to take any time from [the petitioner]." Further, according to his brief, "the General Sessions Court of Murfreesboro, Tennessee, entered into an agreed Order 'retiring' the triggering offense in which the Board used as cause for the [sic] violating [the petitioner's] parole." Thus, by his view, "his sentences have fully expired." The State disputes these claims, asserting that "[a]s reflected in the affidavit submitted by Roberta Anderson, Sentence Management Supervisor, the [Parole] Board did indeed vote to deny petitioner credit for the time while out on parole. Consequently, petitioner's sentence has not fully expired."

In making his arguments, the petitioner relies on a parole board form styled "Notice of Board Action Revocation/Time Setting/Post Parole Rescission Hearing," the handwritten notations on which, as the State notes, are virtually illegible. However, one of the exhibits attached to the petition is a document dated April 8, 2003, and styled "Tomis Offender Sentence Letter" which sets out the following information as to the petitioner's sentence: "Expiration Date: 10/30/2005" and "Full Expiration Date: 03/19/2006." The post-conviction court dismissed the petition and we conclude that the record supports this action, given that the record shows that the petitioner's sentences have not expired.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the order of the post-conviction court dismissing the petition.

_____
ALAN E. GLENN, JUDGE