IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 13, 2004

## JAMES BELL, JR. v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lake County**
**No. 03-CR-8480    R. Lee Moore, Jr., Judge**

---

**No. W2003-02463-CCA-R3-CD - Filed September 9, 2004**

---

The petitioner, James Bell, Jr., entered pleas of guilty to a number of offenses in the Shelby County Criminal Court in 1997 and 2000, and subsequently filed a petition for writ of habeas corpus in the Lake County Circuit Court, asserting that his convictions were void and his sentences illegal. The court denied the petition without a hearing, and this appeal followed. We affirm the denial of the petition, but remand to the Shelby County Criminal Court for a hearing to identify what disposition was intended as to each of the indictments and entry of corrected judgments to reflect those determinations.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

James Bell, Jr., N.W.C.X., Tiptonville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter, and Jennifer L. Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

From the sparse record on appeal, it appears that in September 1997 the petitioner pled guilty in the Shelby County Criminal Court to aggravated robbery and was sentenced to eight years. Subsequently, in January 2000, he pled guilty in the Shelby County Criminal Court to six counts of aggravated robbery and one count of theft over $500 and received an effective sentence of thirty years. On August 25, 2003, the petitioner filed a petition for writ of habeas corpus in the Lake County Circuit Court, alleging that his judgments in the Shelby County Criminal Court were void

and that his sentences were illegal. By written order filed September 10, 2003, the trial court denied the petition, determining that the petitioner's sentences were neither void nor expired.

## ANALYSIS

The petitioner argues that the trial court erred in denying his habeas corpus petition without the appointment of counsel or an evidentiary hearing and without making findings of fact and conclusions of law. Additionally, he argues that his Shelby County Criminal Court judgments of conviction are void because the trial court failed to make findings as to guilt or innocence. The State responds that the Lake County Circuit Court correctly dismissed the habeas corpus request but that the matter should be transferred to the Shelby County Criminal Court for entry of corrected judgments. As we will explain, we agree with the State.

At the outset, we note that the record on appeal does not contain a copy of the petitioner's guilty plea petition, a transcript of the guilty plea hearing, or a transcript of the sentencing hearing. It is the defendant's duty to prepare a fair, accurate, and complete record on appeal to enable meaningful appellate review. Tenn. R. App. P. 24(b). When necessary parts of the record are not included on appeal, we must presume that the trial court's ruling was correct. State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment has been defined by our supreme court as "one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); see also Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The judgment of a court of general jurisdiction is conclusive and presumed to be valid, and such a judgment can only be impeached if the record affirmatively shows that the rendering court was without personal or subject matter jurisdiction. Archer v. State, 851 S.W.2d 157, 162 (Tenn. 1993). Thus, habeas corpus relief is available only when "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment . . . has expired." Archer, 851 S.W.2d at 164 (citation omitted).

To obtain habeas corpus relief, the petitioner must show by a preponderance of the evidence that his sentence is void and not merely voidable. See Davenport, 980 S.W.2d at 409. Consequently, a petitioner cannot collaterally attack a facially valid judgment of the trial court in a petition for habeas corpus relief. Archer, 851 S.W.2d at 162. The proper means of challenging a facially valid judgment based on a constitutional violation is a petition for post-conviction relief. Lewis v. Metro. Gen. Sessions Court for Nashville, 949 S.W.2d 696, 699 (Tenn. Crim. App. 1996); Fredrick v. State, 906 S.W.2d 927, 929 (Tenn. Crim. App. 1993).

Tennessee Rule of Criminal Procedure 32(e) provides: "A judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence. . . . The judgment shall be signed by the judge and entered by the clerk." The judgment forms in the present appeal complied with these requirements. Additionally, the judgment forms complied with the statutory requirements of Tennessee Code Annotated section 40-35-209(e). The fact that the judgment forms failed to reflect that the petitioner was "guilty" is not fatal to the judgments. Indeed, the fact that "pled guilty" was marked by the trial court necessarily implies that the petitioner was found guilty. Accordingly, we cannot conclude that this technical omission is sufficient to render a judgment of conviction void. The petitioner complains, also, that some of the judgments of conviction show that he pled guilty to a more serious offense than the one for which he had been indicted. As we will explain, we agree with this claim.

The judgments for indictments 91-11670, 91-11671, 91-11672, and 91-11673 all recite that the defendant was indicted for aggravated robbery and pled guilty to the violation of Tennessee Code Annotated section 39-13-403, which is especially aggravated robbery, although the conviction offense is not specified, only the statute number. In other words, as to each of these indictments, according to the judgments, the defendant pled guilty to more a serious offense than that charged. The judgment for indictment 97-11667 states that the defendant pled guilty to theft over $500, a "Class C" felony; however, theft over $500 is a Class E felony. The judgment for indictment 91-11669 recites that the defendant was indicted for aggravated robbery and pled guilty to the violation of Tennessee Code Annotated section 39-13-402, which is the aggravated robbery statute. However, the judgment does not set out the conviction offense. Thus, the judgments for each of these indictments are either incomplete or internally inconsistent; and the state of the record is such that we cannot tell what was intended. Accordingly, we conclude that a hearing should be conducted in this matter to determine the offenses to which the petitioner pled guilty and for entry of corrected judgments to reflect the intended dispositions. Because the pleas of guilty were entered in the Shelby County Criminal Court, where the necessary records and witnesses are present, we transfer this matter to that court for proceedings consistent with this opinion. See Tenn. Code Ann. § 29-21-105.

_____
ALAN E. GLENN, JUDGE