**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**FEBRUARY SESSION, 1998**

FILED

May 5, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **DONALD R. JONES,** | ) | **C.C.A. NO. 03C01-9706-CR-00206** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **CARTER COUNTY** |
| **VS.** | ) | |
| | ) | **HON. LYNN W. BROWN** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(Habeas Corpus Relief)** |

FOR THE APPELLANT:                    FOR THE APPELLEE:

DONALD R. JONES                       JOHN KNOX WALKUP
Pro Se                                Attorney General and Reporter
Carter County Annex
Caller #1                             ELLEN H. POLLACK
Roan Mountain, TN  37687              Assistant Attorney General
                                      425 Fifth Avenue North
                                      Nashville, TN  37243-0493

                                      DAVID CROCKETT
                                      District Attorney General

                                      KENNETH C. BALDWIN
                                      Assistant District Attorney
                                      Carter County Justice Center
                                      Elizabethton, TN  37643

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

On February 10, 1997, Appellant Donald R. Jones filed a petition for habeas corpus relief in the Carter County Criminal Court.  On February 25, 1997, the trial court dismissed the petition because it failed to state a claim upon which relief could be granted.  Appellant challenges the dismissal of his petition.  After a review of the record, we affirm the judgment of the trial court.

## I.  BACKGROUND

On January 9, 1969, Appellant was convicted of first degree murder and was given a ninety-nine year sentence.  Appellant appealed and this Court reversed Appellant's conviction based on erroneous jury instructions.  On April 22, 1970, Appellant pled guilty to first degree murder and was given a life sentence.  Appellant did not appeal this conviction or sentence.

Appellant filed his petition for habeas corpus relief on February 10, 1997, alleging that he was the victim of prosecutorial and judicial vindictiveness.  Specifically, Appellant claimed that he was the victim of prosecutorial vindictiveness because the assistant prosecutor was a relative of the victim.  Appellant alleges the trial judge was vindictive because Appellant received a longer sentence after a successful appeal.

The trial court dismissed the petition on February 25, 1997, because habeas corpus relief is only available when it appears on the face of the

record that the court was without jurisdiction to convict or sentence a defendant or that the sentence had expired. The trial court also concluded that although Appellant's claims would be appropriate for determination if his petition was considered to be a petition for post-conviction relief, Appellant would still not be entitled to any relief because his claims were barred by the statute of limitations.

## II. HABEAS CORPUS RELIEF

It is well-established in Tennessee that habeas corpus relief is only available when a conviction is void because the convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence has expired and the defendant is being illegally restrained. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Johns v. Bowlen, 942 S.W.2d 544, 546 (Tenn. Crim. App. 1996). As this Court has previously stated:

> A judgment of a court of general jurisdiction is presumed to be valid. This presumption is said to be conclusive unless the judgment is impeached by the record. If the court rendering a judgment has jurisdiction of the person, the subject-matter, and has the authority to make the challenged judgment, the judgment is voidable, not void; and the judgment may not be collaterally attacked in a suit for habeas corpus relief.

Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994) (citations omitted).

Appellant's petition for habeas corpus relief simply does not contain any allegation that the sentencing court was without jurisdiction to accept his guilty plea or to sentence him neither is there any allegation that his sentence has expired. Indeed, nothing in the record would support any such allegations.

-3-

Here, Appellant's claims that he was the victim of prosecutorial and judicial vindictiveness amount at most to an assertion that the judgment was voidable, not that the judgment was void. Therefore, the trial court correctly determined that Appellant had failed to either allege or present a ground that was cognizable in a suit for habeas corpus relief.

### III. POST-CONVICTION RELIEF

Initially, we note that the trial court properly determined whether Appellant would have been entitled to relief if his petition for habeas corpus relief was treated as a petition for post-conviction relief. See Tenn. Code Ann. § 40-30-205(c) (1997); Fredrick v. State, 906 S.W.2d 927, 929 (Tenn. Crim. App. 1993).

We also conclude that the trial court properly determined that Appellant would not have been entitled to relief even if his petition was treated as a petition for post-conviction relief. At the time of Appellant's guilty plea and sentencing in 1970, there was no limitation as to when a post-conviction petition could be filed. However, in 1986, The Tennessee Legislature enacted a statute of limitations which stated that

> A prisoner in custody under sentence of a court of this state must petition for post-conviction relief under this chapter within three (3) years of the date of the final action of the highest state appellate court to which an appeal is taken or consideration of such petition shall be barred.

Tenn. Code Ann. § 40-30-102 (1986) (effective July 1, 1986). This new limitations period applied to existing causes prospectively from the effective date of the statute. Carter v. State, 952 S.W.2d 417, 418 (Tenn. 1997);

-4-

<u>Abston v. State</u>, 749 S.W.2d 487, 488 (Tenn. Crim. App. 1988). Because Appellant's conviction and sentence became final in 1970, the statute of limitations expired in Appellant's case on July 1, 1989.[1] Therefore, the trial court correctly determined that even if Appellant's petition was considered to be a post-conviction petition, he would not be entitled to relief because his claims were barred by the statute of limitations.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
THOMAS T. WOODALL, JUDGE

_____
WILLIAM B. ACREE, SENIOR JUDGE

[1]On May 10, 1995, the legislature enacted the Post-Conviction Procedure Act of 1995, which included a one year statute of limitations and limited the number of petitions that could be filed in any particular case. <u>See</u> Tenn. Code Ann. § 40-30-202 (1995). The Tennessee Supreme Court has held that the new post-conviction act did not provide petitioners for whom the statute of limitations had expired under the old post-conviction act any additional time in which to file petitions for post-conviction relief. <u>Carter</u>, 952 S.W.2d at 418.